In the Matter of CHARLES C. BRANCH, an Attorney,
Respondent.

First Department, June 15, 1917.

**Attorney at law — evidence not sustaining charge of conversion —
attorney at law censured for false statements before grievance
committee — purpose of disciplinary proceedings.**

Charges against attorney of having converted his client's money to his own
use *held*, not to have been sustained, it appearing that such money received
in settlement of a claim for the client had been delivered to another for
payment to the client.

Attorney at law severely censured for endeavoring to conceal from the
grievance committee payments to the complaining witness for the pur-
pose of buying him off and securing the withdrawal of charges, and for
the making false statements upon the hearing denying such acts.

Disciplinary proceedings are instituted not for the purpose of adjusting
differences between attorney and client, or for forcing a settlement or
bringing about the collection of moneys claimed to be due, but are solely
for the purpose of maintaining the dignity and honor of the profession.
The purpose is to exercise the great and summary power of the court,
not for the benefit of a complaining individual, but for the good of the
community.

DISCIPLINARY PROCEEDINGS instituted by the Association of
the Bar of the City of New York.

*Einar Chrystie* [*Guernsey Price* of counsel], for the petitioner.

*Burt L. Rich,* for the respondent.

CLARKE, P. J.:

The respondent was admitted to the bar in February,
1904. In March, 1915, one John J. Sherrock, had a claim
against the Ford Motor Car Company for personal injuries
he had sustained in an accident. Shortly after the accident
he met one Edmund A. Brown, who had the privilege of a desk
in the office of respondent, on the door of which his name was
painted. Through Brown Sherrock retained respondent on
April 8, 1915, upon a fifty per cent basis to recover damages
and respondent thereupon brought an action. Negotiations
thereafter ensued for a settlement with a casualty company
which was adjusting the claim and a settlement was agreed

upon in the sum of $225 which was paid by a draft dated May 13, 1915, to the order of respondent who deposited it in his bank. On the fourteenth of May respondent drew his check to bearer for $125 and received the currency therefor and delivered the same to Brown, who thereafter gave to the respondent a receipt, dated May fifteenth, purporting to be signed by Sherrock, for the $125 in full settlement of his case. Sherrock subsequently made complaint to the grievance committee of the Association of the Bar stating that he had received but $80 which he said had been paid to him in small amounts at different times. The grievance committee had various hearings at which the respondent appeared and finally filed these charges, the first charge being that respondent had converted his client's money to his own use. The learned official referee has reported that in his opinion this charge is not sustained, that respondent had sent $125 to his client by Brown, and was justified in believing that his client had received the same. Upon a careful review of the testimony we accept this finding.

The second charge grows out of the conduct of the respondent during the course of investigation by the grievance committee. On March 16, 1916, there was a hearing before the grievance committee which was adjourned. On March twenty-first, the respondent called at the home of Sherrock and paid him twenty dollars and on March twenty-second he called again upon him and paid him fifty dollars. Under said date of March twenty-second Sherrock wrote the grievance committee a letter stating that he was mistaken in making charges against respondent and wished to withdraw the affidavits and dispose of the matter and also wrote to the respondent that he had so written to the grievance committee. On March twenty-third the respondent appeared before the grievance committee and testified, not under oath, that since the last meeting he had not settled with Sherrock, that he had not given to him, or promised to give to him, any money. Thereafter Sherrock having testified as to the receipt by him upon the two occasions of the twenty dollars and fifty dollars above referred to, on March thirtieth, the respondent again appeared before the grievance committee and reiterated his former testimony, stating that it was true and

testified as follows: " Q. Then all this story that he has told about the payment to him of $20 and the further payment of $50 is incorrect? A. Yes. Q. And you did not take any receipt from him? A. No, sir. Q. And you did not tell him that you would like to have him write a letter withdrawing the charge? A. No."

The learned official referee in his report states as follows:

" The respondent on the hearing before me testified in explanation of the false statements made by him before the Grievance Committee as follows:

" ' There were many questions asked me there by several different members of the Committee, and I was somewhat panic-stricken, and it may be that some of those statements there are — that they are mis-statements, some of those answers. I did not look over the testimony there until after the proceeding. was commenced. In looking it over I found some of them — I had made some misstatements. * * * I was very much nervous and worked up over the thing, over this proceeding. Q. Well, then, your best answer is .that you were embarrassed on both the 23rd and the 30th? A. Yes, sir.'

" This testimony of the respondent cannot be accepted as a satisfactory explanation and justify his exculpation. Conduct for which a lawyer may be held to account to the court of which he is an officer is not necessarily limited to transactions in which the relations of attorney and client exist. The proceeding conducted by the Grievance Committee was quasi-judicial. The natural consequence of the false statements was to deceive and mislead the Committee, and should be held to have been made by the respondent for that purpose. It is conduct by a member of the Bar of a character that should not be permitted to pass unrebuked. It is my opinion that it constitutes misconduct that renders the respondent amenable to discipline by the Court."

It has been many times held by this court that disciplinary proceedings are instituted not for the purpose of adjusting differences between attorney and client or for forcing a settlement or bringing about the collection of moneys claimed to be due, but are solely for the purpose of maintaining the dignity and honor of the profession, disciplining unworthy members

thereof or vindicating them when unjustly accused. The purpose is to exercise the great and summary power of the court not for the benefit of a complaining individual but for the good of the community, and to uphold the administration of justice by securing decent and upright conduct by the officers thereof. It was, therefore, a serious breach of propriety for the respondent to attempt to interrupt the investigation of his conduct by the buying off of the complaining witness even though he might have felt the complaining witness was justly entitled to the moneys he paid to him because of Brown's dereliction of duty, if such there was, in failing to transmit to him the money given to him for that purpose. It was a greater breach of right conduct to endeavor to conceal that transaction from the grievance committee and to make false statements upon the hearing before it. The members of the committee were his professional brethren. They were examining into his professional conduct, not as prosecutors at that time but endeavoring preliminary to proceedings in court to ascertain whether there was fair and just ground for such proceedings. That committee not only presents cases to this court but in innumerable instances prevents the presentation of groundless and unsubstantial charges against members of the profession by its fair and thorough preliminary examination. The Association of the Bar of the City of New York was incorporated by the Legislature for the purpose, *inter alia*, " of maintaining the honor and dignity of the profession of the law " and " increasing its usefulness in promoting the due administration of justice." (Laws of 1871, chap. 819.) Its constitution provides for a committee on grievances which "shall be charged with the hearing of all complaints against members of the association and against attorneys practising in the First Judicial District or persons pretending to be attorneys or counsellors at law practising in the First Judicial District, and all complaints which may be made in matters affecting the interests of the legal profession, the practice of law and the administration of justice." It has long been the practice of this court to refer to said committee for investigation, in the first instance, complaints against members of the bar to see whether such complaints furnish sufficient ground for the submission of formal charges. Its work

has been of the most important character and has been of great assistance to the court. When so proceeding, as the learned official referee has well said, its acts are *quasi* judicial, for on its conclusions formal charges are presented to the court. Though not under oath before said committee, as a member of the bar, respondent was under the highest obligation, his professional conduct and character being under investigation, to be frank and honest. He was neither. He attempted to deceive by making false statements in regard to material matters then under consideration. This conduct threw grave doubt upon his defense of the principal charge and has caused us to examine the record in that regard with great care. While we have concluded to accept the conclusion of the learned official referee as to that charge, we also approve of his conclusion as to the second charge.

The respondent states in his brief that he is duly penitent, appreciates the seriousness of his offense and has already been severely punished.

In our opinion for the misconduct of which he has been found guilty he should be and hereby is severely censured.

DOWLING, SMITH, PAGE and SHEARN, JJ., concurred.

Respondent censured. Order to be settled on notice.