**UNITED STATES of America,**
**Plaintiff,**

v.

**The PROCTER & GAMBLE COMPANY, Colgate-Palmolive Company, Lever Brothers Company, and The Association of American Soap and Glycerine Producers, Inc., Defendants.**

**Civ. A. No. 1196–52.**

United States District Court
D. New Jersey.
July 9, 1956.

Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., by George J. Rossi, Newark, N. J., Joseph E. McDowell, Newark, N. J., Raymond M. Carlson, Robert Brown, Jr., and Mrs. Jennie Crowley, Attorneys, Department of Justice, Washington, D. C., for plaintiff.

Toner, Crowley, Woelper & Vanderbilt, Newark, N. J., by John A. Ackerman, Newark, N. J., Dwight, Royall, Harris, Koegel & Caskey, New York City, by Kenneth C. Royall and H. Allen Lochner, New York City, Dinsmore, Shohl, Sawyer & Dinsmore, Cincinnati, Ohio, by Richard W. Barrett, Cincinnati, Ohio, of counsel, for defendant Procter & Gamble Co.

O'Mara, Schumann, Davis & Lynch, Jersey City, N. J., by Edward J. O'Mara, Jersey City, N. J., Cahill, Gordon, Reindel & Ohl, New York City, by Mathias F. Correa and James B. Henry, Jr., New York City, of counsel, for defendant Colgate-Palmolive Co.

Bailey, Schenck & Bennett, Newark, N. J., Arnold, Fortas & Porter, Washington, D. C., by Abe Fortas and Abe Krash, Washington, D. C., of counsel, for defendant Lever Brothers Co.

McCarter, English & Studer, Newark, N. J., by Augustus C. Studer, Jr., Newark, N. J., Davies, Richberg, Tydings, Beebe & Landa, Washington, D. C., by James T. Welch, Washington, D. C., of counsel, for defendant Association of Ameican Soap and Glycerine Producers, Inc.

MODARELLI, District Judge.

On April 17, 1956, D.C., 19 F.R.D. 122, I filed an opinion on defendants' motions to compel plaintiff to produce and permit the inspection and copying by the defendants of the transcripts of the testimony of all witnesses who appeared before a grand jury sitting in this district from May, 1951, until November 25, 1952. I concluded that since plaintiff is using the transcripts containing relevant information, and since equal use of the transcripts by defendants will give them the fullest possible knowledge of the facts before trial, and since none of the reasons for the rule of secrecy applies, the ends of justice required me to grant the motions.

Now before me are: (1) Plaintiff's motion that " * * * this Court reconsider its conclusion that the extensive scope of pre-trial discovery permitted under the Federal Rules of Civil Procedure [28 U.S.C.] warrants disclosure in this civil case of traditionally secret grand jury proceedings, and, in the light of the claim of privilege asserted by the Attorney General, that this Court sustain the privileged status of the grand jury transcripts and enter an order denying defendants access to the transcript of testimony of any witness before the said grand jury." (2) Defendants' motions for settlement of the order directed by me in my opinion granting defendants' motions to produce the transcripts.

(1) As to plaintiff's motion, at the beginning of the oral argument I cautioned its counsel against repeating arguments already presented and considered on the original motion.[1] As his argu-

---

1. As a result of counsel's disregard of my warning and because it is difficult for a judge to refuse to hear oral argument when counsel are present in court, or to

ments progressed, even though he presented nothing new, I permitted him to argue extensively (approximately 54 transcript pages) because I believed that in accordance with my opening remark he would present something new.[2] He did not.

Plaintiff's motion is based upon a "Claim of Privilege" filed by Attorney General Brownell. Summarized, his claim is that it is his joint duty with the court to protect the integrity of the grand jury processes; he has carefully considered the effects of disclosure of the transcripts upon the public interest in the proper administration of justice; the established policy of secrecy is based upon a desire to encourage free disclosure by grand jury witnesses; if the court orders disclosure of the transcripts, future grand jury witnesses will be reluctant to give testimony detrimental to the interests of economically powerful potential defendants.

In support of its claim of privilege, plaintiff cites the following cases: United States v. Socony-Vacuum Oil Co., 1940, 310 U.S. 150, 233-234, 60 S.Ct. 811, 84 L.Ed. 1129; United States v. Rose, 3 Cir., 1954, 215 F.2d 617, 628; United States v. Alper, 2 Cir., 1946, 156 F.2d 222; Schmidt v. United States, 6 Cir., 1940, 115 F.2d 394; Goodman v. United States, 9 Cir., 1939, 108 F.2d 516, 127 A.L.R. 265; United States v. General Motors Corp., D.C.Del.1954, 15 F.R.D. 486; United States v. Smyth, D.C.N.D.Cal.

1952, 104 F.Supp. 283, 303; In re Bullock, D.C.D.C.1952, 103 F.Supp. 639; United States v. White, D.C.N.J.1952, 104 F. Supp. 120; United States v. American Medical Association, D.C.D.C.1939, 26 F.Supp. 429; In re Grand Jury Proceedings, D.C.E.D.Pa.1933, 4 F.Supp. 283; United States v. Garsson, D.C.S.D. N.Y.1923, 291 F. 646; United States v. Standard Oil Company of California et al., Civil No. 11584-C, D.C.Calif., Minutes of the Court, March 30, 1956; United States v. Morgan, Civil Action No. 43-757 (S.D.N.Y., unreported ruling of Judge Medina, December 8, 1948).

The Socony-Vacuum, Rose, General Motors, Garsson, and Morgan cases were already considered and are discussed in my opinion. The cited portion of the Smyth case merely states the general rule of secrecy, which I thoroughly discussed in my opinion. Alper, Schmidt, Goodman, Bullock, American Medical Association, and In re Grand Jury Proceedings recognize that a court should order disclosure when in its judgment the ends of justice so require, which was one of the bases of my decision. White recognizes an exception to secrecy in cases of extreme compulsion where there is a strong and positive showing, which is the case here. There was no opinion in Standard Oil. As to the other cited cases relating to plaintiff's fourth point concerning "other means" by which defendants could acquire the information contained in the grand jury transcripts, I

halt it once it has begun, the Judges of this Court on June 18, 1956, adopted a new rule:

"A motion for re-argument shall be made within 14 days after the filing of the court's determination of the original motion and upon the same notice required for the original motion. There shall be served with the notice a memorandum, setting forth concisely the *matters or controlling decisions which counsel believes the court has overlooked.* No oral argument shall be heard unless the court grants the motion and specifically directs that the matters shall be re-argued orally." (Emphasis supplied.)

Of course, the rule does not apply here, but the emphasized portion does express the proper nature of re-argument.

2. United States v. Reynolds, 1953, 345 U.S. 1, 10, 11, 73 S.Ct. 528, 97 L.Ed. 727, does indicate that after the court has filed an opinion granting discovery against the United States, it is proper to file a formal claim of privilege. But here, as will be discussed, all of the contentions in the claim filed by Attorney General Brownell were presented to and considered by me on the original motion, even though no formal claim had been filed.

also previously considered that argument and I rejected it.

■ At page 128 of 19 F.R.D., I said, "I would not grant these motions if I thought they were prejudicial to the public interest, useless or unnecessary, would not reveal the information sought, or defendants already possessed all the necessary information or could obtain it by pursuing a different remedy." That conclusion was reached after thorough deliberation and analysis of the problems and authorities. Before me at that time was a letter and enclosure from Assistant Attorney General Barnes. He told me about an identical claim of privilege asserted in United States v. Standard Oil Company of California; he noted that the claim was " * * * based on the same grounds urged by counsel for the Government in the motions now pending before you." He enclosed that claim of privilege signed by Mr. Brownell and it was nearly identical to the one he recently filed in this case. Thus, nothing has been brought to my attention since I filed my opinion that was not before me when I considered defendants' motions. Plaintiff's motion is denied.

■ During oral argument plaintiff's counsel said, " * * * I did not understand that there was any question but what the Government had the use of the grand jury transcripts. There never has been any question but that the Government feels free, indeed obligated, to use information obtained from grand jury investigations in the preparation of civil actions which the Government is required to bring in its sovereign regulatory capacity under a statute which, as here, requires the Government to proceed to seek to restrain and prevent violations." (Tr. 12.) If that revelation had been in response to my earlier questions regarding plaintiff's use of the transcripts, it would have saved defendants' counsel and me many hours of research and deliberation concerning the very important question as to whether plaintiff is using the transcripts. See opinion dated April 17, 1956, 19 F.R.D. 123–125. While it is the duty of the attorneys in the Department of Justice to be zealous advocates, this was an inexcusable concealment from the court of a fact material to the issue involved in defendants' motions to produce. I make this criticism because in this "Big Case" it is essential that counsel be cooperative and candid.

(2) As to defendants' motions, plaintiff and defendants will exchange their proposed form of the order. If both sides are unable to agree upon the form, I shall enter an order in a form that I believe is proper.

An order shall be submitted in conformity with this opinion.