John DOE, an attorney, Petitioner,

v.

Samuel L. ROSENBERRY, David L. Benetar, Samuel M. Chapin, Horace S. Manges, Alexander Caldwell Neave, Stuart N. Scott, W. Mason Smith, Jr., David Teitelbaum, Stephen P. Duggan, Jr., Joseph E. Dyer, John A. Gifford, James H. Halpin, Roger Bryant Hunting, Murray Foster Johnson, Carlyle E. Maw, F. W. H. Adams, Ernest J. Ellenwood, John D. Garrison, Leo Gottlieb, Frank A. F. Severance, Edgar M. Souza and Harris B. Steinberg, Respondents.

In the Matter of Making Available to the Grievance Committee of the Association of the Bar of the City of New York Certain Testimony before the United States Grand Jury, Southern District of New York of Various Witnesses in an Investigation Relating to ———.

United States District Court
S. D. New York.

May 28, 1957.

Corcoran, Kostelanetz & Gladstone, New York City, for petitioner, Boris Kostelanetz, New York City, of counsel.

Frank H. Gordon, New York City, for respondents Frederick H. Block, New York City, of counsel.

DAWSON, District Judge.

This proceeding, captioned as one by "John Doe, an attorney," against various individuals who constitute the Committee on Grievances of the Association of the Bar of the City of New York, was brought on by a notice of motion. The motion seeks, among other things, an order

"1. Ordering the surrender and return of the transcript of the testimony of all witnesses examined before the April 1955 Special United States Grand Jury and the transcript of the testimony of witnesses given before the United States Grand Jury on April 2, 1952; and

"2. Ordering the surrender and return of all records, memoranda, extracts, notes and copies therefrom; and

"3. Ordering that the said Grievance Committee of the Association of the Bar of the City of New York and the aforesaid individual members thereof, their agents, attorneys and employees, be restrained and precluded from using any or all of said transcript of minutes or memoranda, extracts, notes and copies therefrom, or any information directly or indirectly obtained therefrom, or by means thereof, or as a result of examination and use thereof, and leads and clues revealed thereby; and

"4. Ordering that there be expunged from the records of this Court that part of the minutes of the Special United States Grand Jury of April 1955 relating to the reference to the Grievance Committee of the Association of the Bar of the City of New York of the matters relating to the activities of the movant-petitioner herein; and

*    *    *    *    *    *

"6. Ordering that the above entitled proceeding remain encaptioned anonymously and that all the papers and proceedings herein be sealed and kept confidential; and

"7. Ordering that the aforesaid Grievance Committee of the Association of the Bar of the City of New York, the aforesaid named individual members thereof, their agents, attorneys and employees, be stayed from proceeding in their investigation or any investigation in any way related to the use of the aforesaid grand jury minutes and from hearing any evidence or receiving any information or from taking any other or further proceedings in relation to the movant-petitioner herein, pending the hearing and determination of this application and the service of notice of entry of an order hereon;   *   *   *."

The background of the motion relates to an order made by this Court on March 22, 1956 captioned as "In the Matter of Making Available to the Grievance Committee of the Association of the Bar of the City of New York Certain Testimony before the United States Grand Jury, Southern District of New York of Various Witnesses in an Investigation Relating to ————."

This order of March 22, 1956 directed the United States Attorney for the Southern District of New York to make available to the Grievance Committee of the Association of the Bar of the City of New York the transcript of testimony of certain witnesses before the April 1955 Special Grand Jury, and particularly the testimony of a certain attorney in this proceeding called "John Doe," for use

**405**

"preliminarily to and in connection with contemplated judicial proceedings."

This order was granted on the application of an Assistant United States Attorney and of the trial counsel of the Committee on Grievances of the Association of the Bar of the City of New York, from which the following facts appeared:

That on April 6, 1955 a Special Grand Jury was convened in this court to investigate charges of corruption in government and the criminal activity of the aforesaid John Doe, a former group chief in the Internal Revenue Service, who is also a member of the bar of the State of New York; that the evidence of criminal activity and corruption developed before the grand jury related to events where prosecution was barred by the statute of limitations and the grand jury returned no indictment, but voted that the matters relating to the activities of the aforesaid John Doe be referred to the Grievance Committee of the Association of the Bar of the City of New York; that a complaint had been made to the aforesaid Committee on Grievances and a preliminary investigation of the matters contained in the complaint was then being made with a view to the institution of a judicial proceeding seeking disciplinary action against the aforesaid John Doe pursuant to the provisions of § 90 of the Judiciary Law, McKinney's Consol.Laws, c. 30, of the State of New York. The attorney for the Grievance Committee asked that an order be made permitting the minutes of the proceedings before the grand jury to be made available to the Grievance Committee. This application was supported by the Office of the United States Attorney.

Thereafter the order of March 22, 1956 was signed and pursuant thereto the minutes of the grand jury relating to this matter were made available to the Grievance Committee which is presently conducting hearings to determine whether to file a complaint instituting disciplinary proceedings against the aforesaid John Doe.

John Doe has now brought this motion. At the outset it becomes necessary to consider whether this motion, which in effect seeks an injunction, is properly before this Court. No action has been instituted. An action may not be started merely by serving a notice of motion. See Warren v. Arzt, D.C. S.D.N.Y.1955, 18 F.R.D. 11. There may, therefore, be some question as to whether the motion may properly be considered.

However, rather than dispose of this application on jurisdictional grounds, I prefer to regard it as an application to vacate the order of March 22, 1956 and to rescind any consequences thereof. The applicant certainly had authority to make such a motion and the issue presented is of such substance that it should be decided on the merits rather than on some collateral question of procedure.

The order of March 22, 1956 was granted pursuant to the provisions of Rule 6(e) of the Federal Rules of Criminal Procedure, which provides in part:

"Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter or stenographer may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule * * *."

The Notes of the Advisory Committee on Rules state:

"This rule continues the traditional practice of secrecy on the part of the members of the grand jury, except when the court permits a disclosure." 18 U.S.C.A. rule 6 note.

■ Under the Rules a court may permit disclosure of matters occurring before a grand jury "preliminarily to or in connection with a judicial proceeding." A disciplinary proceeding against a member of the bar is a "judicial proceeding." It is governed by the provisions of § 90 of the Judiciary Law of the State of New York. Preliminary inquiry by the Committee on Grievances of the Association of the Bar to determine whether a complaint should be filed and disciplinary proceedings instituted before the Appellate Division are procedures "preliminarily to or in connection with a judicial proceeding" within the meaning of Rule 6(e). Thus the Grievance Committee of the Association of the Bar, in connection with any such preliminary investigation, has the right to secure the issuance of subpoenas to compel the attendance of witnesses, to put the witnesses under oath, and to cause their testimony to be transcribed. Rule 5 of the Special Rules of the Appellate Division, First Department, Regulating the Conduct of Attorneys.

The proceedings before the Grievance Committee of the Association of the Bar of the City of New York have been described by the Appellate Division as "quasi-judicial." In re Branch, 1st Dept. 1917, 178 App.Div. 585, 165 N.Y.S. 688.[1]

■ Since the proceedings relating to John Doe are preliminary to or in connection with a judicial proceeding, the Court had discretionary power under Rule 6(e) to make the order of March 22, 1956. The next question is whether the Court abused its discretion in entering the order. The generally accepted rule is that disclosure of proceedings before a grand jury under Rule 6(e) may be made where the interests of justice will thereby be served:

In re Bullock, D.C.D.C.1952, 103 F. Supp. 639—(release of the minutes of the grand jury to the Commissioners of the District of Columbia in connection with a proceeding to determine whether Bullock had been guilty of dereliction of duty as one of the Supervisory Officers of the Metropolitan Police Department).

In re Grand Jury Proceedings, D.C. E.D.Pa.1933, 4 F.Supp. 283—(release of the minutes of the grand jury for use in another court in a proceeding for revocation of a brewing company's beer permit).

Mr. Justice Douglas has well expressed the rule as follows:

"Grand jury testimony is ordinarily confidential. * * * But after the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it." United States v. Socony-Vacuum Oil Co., 1940, 310 U.S. 150, 233, 60 S.Ct. 811, 849, 84 L.Ed. 1129.

The moving party has been unable to produce any authorities which would point to a different conclusion. He relies principally on the opinions in Application of United Electrical, Radio

---

1. "The Association of the Bar of the City of New York was incorporated by the Legislature for the purpose, inter alias, 'of maintaining the honor and dignity of the profession of the law,' and 'increasing its usefulness in promoting the due administration of justice.' Its constitution provides for a committee on grievances, which 'shall be charged with the hearing of all complaints against members of the association and against attorneys practicing in the First judicial district or persons pretending to be attorneys or counselors at law practicing in the First judicial district, and all complaints which may be made in matters affecting the interests of the 'legal profession, the practice of law and the administration of justice.' It has long been the practice of this court to refer to said committee for investigation, in the first instance, complaints against members of the bar to see whether such complaints furnish sufficient ground for the submission of formal charges. Its work has been of the most important character and has been of great assistance to the court. When so proceeding, as the learned official referee has well said, its acts are quasi judicial; for on its conclusions formal charges are presented to the court * * *." 165 N.Y. S. at page 690.

& M. Workers of America, D.C.S.D.N.Y. 1953, 111 F.Supp. 858 and In re April 1956 Term Grand Jury, 7 Cir., 1956, 239 F.2d 263, certiorari granted Shotwell Mfg. Co. v. United States, 1957, 352 U.S. 998, 77 S.Ct. 552, 1 L.Ed.2d 544.

In the first of these cases Judge Weinfeld held that a certain presentment issued by a grand jury should be expunged. He properly pointed out that a presentment is an accusation which those referred to therein have no power to answer and as to which they have no power to interpose a defense. In the present case there was no presentment; there was no accusation. The grand jury simply suggested that the matter of the activities of John Doe be referred to the Grievance Committee for investigation by them. This was done with no publicity attendant thereon. No charge was made against John Doe. The disciplinary proceedings, if instituted, would afford a complete right to a hearing in a carefully circumscribed judicial proceeding. There is no resemblance between the present proceeding and the matter which Judge Weinfeld considered.

In the second of the cases relied upon by the moving party the court indicated that where a grand jury, investigating possible violations of the criminal law, secured certain records relating to a taxpayer, those records could not be used for a civil purpose, such as the collection of taxes. The situation in that case, where it was charged that the government was using grand jury processes to get evidence for use in a civil action, is quite different from the instant case.

In the present case the grand jury, properly investigating possible violations of the criminal statutes, discovered certain facts which while not furnishing the basis of an indictment, due to the statute of limitations, did apparently raise a question as to whether John Doe had maintained the ethical standards required of a member of the bar. The grand jury had no power to decide such a question but they would have been derelict in their duty as good citizens if they had not recommended that those matters be referred to that body which had the power to investigate such charges and to conduct hearings at which John Doe might appear and be heard, and, if the charges were sustained, which had the power to file a complaint under § 90 of the Judiciary Law.

The Court has been informed that John Doe is not only a member of the bar of the State of New York but that he is also a member of the bar of this district court in which the grand jury was sitting. Misconduct by an attorney who is an officer of this court must always be a cause of concern to those interested in the administration of justice. Whether there was such misconduct is not for the Court or the grand jury to decide, but it was entirely proper that the matter and the evidence thereon be referred to the body which has the right to conduct a quasi-judicial inquiry into the situation.

The Court in its discretion and pursuant to the authority granted under Rule 6(e) of the Federal Rules of Criminal Procedure believed that it was in the interest of justice to enter the order of March 22, 1956. It is still of the same belief.

The motion made on behalf of John Doe is denied in its entirety, except so much thereof as seeks an order that this proceeding shall remain captioned anonymously, and so much of the motion as seeks this specific relief is granted. So ordered.