UNITED STATES of America

v.

RADIO CORPORATION OF AMERICA
and National Broadcasting Company, Inc.

Civ. A. No. 21743.

United States District Court
E. D. Pennsylvania.

July 17, 1957.

Bernard M. Hollander, Raymond M. Carlson, Washington, D. C., for plaintiff.

Schnader, Harrison, Segal & Lewis, by Bernard G. Segal and Edward W. Mullinix, Philadelphia, Pa., Cahill, Gordon, Reindel & Ohl, New York City, by Lawrence J. McKay, Dennis G. McInerney, New York City, for defendants.

KIRKPATRICK, Chief Judge.

The general policy against disclosure of proceedings before a grand jury has been invoked by the Government in the course of the argument, but the scope of that policy need not be considered here, because the defendants' motion for the production of the grand jury minutes must be denied upon entirely different grounds.

The defendants contend that Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, and United States v. Rosenberg, 3 Cir., 245 F.2d 870, are controlling, but neither of those decisions goes any further than to hold that disclosure of prior statements of a person, made either to a government agent or before a grand jury, may be compelled for the purpose of impeaching him when called as a witness in the course of a criminal proceeding. In the present case the discovery is asked for not for impeachment but for the purpose of obtaining information to be used by the defendants in the preparation of their case. It may be that some of the witnesses who appeared before the grand jury will be called at the trial, but, before the applicability of the Jencks and Rosenberg decisions can be considered, the witness must be actually called or, at least, the prospect of his being called must be definite and immediate.

The question, therefore, before me at the present time is simply whether good cause, under Fed.Rules Civ.Proc. rule 34, 28 U.S.C., has been shown for the request for the production of a document or documents. On this point, the Court of Appeals for this circuit has indicated pretty definitely that, if a party has the names of the witnesses whose statements he wants and can interview them or take their depositions without undue burden or delay, he would be "unable to show such special circumstances * * * as would justify production of the statements in question." Alltmont v. U. S., 3 Cir., 177 F.2d 971, 979. There would seem to be no difficulty in the present

case about interviewing the witnesses or taking their depositions. I do not think that a showing of good cause has been made.

The defendants' motion is denied.