**HERMAN SCHWABE, Inc., Plaintiff,**

v.

**UNITED SHOE MACHINERY CORP., Defendant.**

Misc. No. 33–57.

United States District Court
District of Columbia.

Nov. 23, 1957.

---

**2.** Rule 30(e) of the Delaware Superior Court Rules Del.C.Ann., is identical with the Federal Rule.

Marshall C. Gardner and Worth Rowley, Dept. of Justice, Washington, D. C., for United States.

James M. Mallory, Boston, Mass., for plaintiff.

Ralph M. Carson, New York City, and Paul F. McArdle, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This motion involves a question of novel impression concerning the construction of Rule 6(e) of the Federal Rules of Criminal Procedure, 18 U.S. C.A. The defendant in a private action under the antitrust laws seeks a right to inspect the grand jury minutes containing the testimony given before a grand jury some years ago by the president of the plaintiff corporation.

It is sought to attain this objective by service of a subpoena *duces tecum* on the Attorney General in whose custody there is a copy of the original grand jury minutes. The action is pending in another district, but in aid of the action it is sought to take the depositions of the Attorney General, or his representatives in this District, and a subpoena *duces tecum*, for the production of the minutes in question at the taking of the deposition, has been issued. The Government moves to quash and vacate the subpoena.

The grand jury proceedings at which the president of the plaintiff corporation testified were had in the United States District Court for the District of Massachusetts. The question of procedure is whether the District Court for any other district than that for the district which had jurisdiction of the grand jury has authority to direct the disclosure of the grand jury minutes. Rule 6(e) forbids all disclosure of matters occurring before a grand jury unless so directed by the Court or permitted by the Court. The specific point to be determined is whether the words "The Court" as used in Rule 6(e) are limited to the Court having jurisdiction of the grand jury, or include any United States District Court to which an application may be made.

In approaching the construction of this rule it must be borne in mind that the secrecy of grand jury proceedings is one of the keystones of the grand jury system. Disclosure and inspection of grand jury minutes is not favored, and is rarely permitted, and then only

on a strong, affirmative showing that this course is in the interest of justice, and only under the circumstances stated in Rule 6(e).

Obviously, the Court that has jurisdiction over the grand jury is in a better position to determine whether there should be a disclosure of the grand jury minutes than any other Court. It might lead to conflicts and possibly to chaos if any one of the ninety or more United States District Courts could direct the disclosure of the minutes of a grand jury sitting in any other District. The mere fact that a copy of the minutes happens to be in the Attorney General's office in this District is purely a fortuitous circumstance that should not affect the situation.

■ The Court is of the opinion that Rule 6(e) should be construed as meaning that only the Court that has jurisdiction over the grand jury may direct or permit a disclosure of the grand jury minutes. Accordingly, the motion to vacate the subpoena is granted solely on the ground of lack of jurisdiction, without expressing any opinion on the merits, and without prejudice to an application to the United States District Court for the District of Massachusetts.