**In the Matter of SPECIAL 1952 GRAND JURY.**

**Misc. No. 1954.**

United States District Court
E. D. Pennsylvania.

May 22, 1958.

Arthur Littleton, Miles W. Kirkpatrick, Philadelphia, Pa., for Pittsburgh Plate Glass Co.

William L. Maher, Charles M. Farbstein, Attys., Dept. of Justice, Antitrust Division, Philadelphia, Pa., for U. S.

LORD, District Judge.

This opinion arises on the motion of Pittsburgh Plate Glass Company (hereinafter called "PPG"), a defendant in Civil Action No. 16962 in this Court, Metzger v. American Window Glass Co. Under Rule 6(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., PPG seeks

> " * * * an order permitting inspection of the transcript of the testimony of the plaintiffs. * * * before a special Grand Jury of this Court sitting in Philadelphia from about April to October 1952 and of any documents brought by them before the Grand Jury, the originals or copies of which documents may still be retained as part of the records of this Court pertaining to that investigation."

The only party which appeared to oppose the motion is the United States, through the Antitrust Division of the Department of Justice. It has strenuously resisted the motion, and in support of such opposition has argued orally and filed briefs

> " * * * to protect the public interest, aid the court in its consider-

ation of such motion, and prevent interference with the enforcement of the laws of the United States."

To focus discussion, it is first noted that movant made no especial showing with respect to testimony of plaintiffs other than Jack K. Metzger, and the government has suggested that the record contains no documents brought before the grand jury by plaintiffs. The government has stated in its brief that the testimony of Jack K. Metzger (described orally as consisting of about ten pages of testimony) was transcribed by a duly authorized reporter under contract with the United States Department of Justice. It says that said transcript is presently a part of the official files of the Department of Justice. It was not, however, understood to deny that the grand jury proceedings in their entirety are under the jurisdiction of this Court. Cobbledick v. United States, 1940, 309 U.S. 323, 327, 60 S.Ct. 540, 84 L.Ed. 783; Schwabe, Inc., v. United Shoe Machinery Corp., D.C.D.C.1957, 21 F.R.D. 233.

█ Most of the considerations argued by movant apply only to the testimony of Jack K. Metzger. Traditionally, and by the great weight of authority, exploration into the records of grand jury proceedings is forbidden, except for compelling reasons. United States v. Papaioanu, D.C.D.Del.1950, 10 F.R.D. 517 (cases collected). No circumstances have been shown which merit discussion of so much of the motion as concerns plaintiffs other than Jack K. Metzger; and it does not appear that in fact any documents are involved. Therefore, in order to narrow discussion, the Court states at the outset that it will rule that the motion will be denied except as it concerns the ten pages, more or less, of testimony of Jack K. Metzger. Discussion hereinafter will be confined to the motion as it concerns the testimony of that witness only.

It appears that commencing May 15, 1952, a grand jury impanelled by this Court made an investigation of possible antitrust law violations in the sale, distribution, and installing of glass in the Philadelphia area. The grand jury returned an indictment on October 16, 1952 and was then discharged.

In those proceedings, leading up to the indictment in Criminal No. 16935, United State v. H. Perilstein, Jack K. Metzger had testified pursuant to subpoena before said grand jury on May 23, 1952.

Those named as defendants pleaded nolo contendere and paid fines imposed by the Court. Although the activities of PPG were investigated by the grand jury, PPG was not indicted nor was it named as a co-conspirator. Neither did the Government in its Bill of Particulars voluntarily filed in Criminal No. 16935 specify PPG as an additional co-conspirator. PPG points out, however, that the plaintiffs, there being designated as "Metzger Glass and Mirror Co., Philadelphia, Pa.", were named in that bill as co-conspirators.

The main action, and the one which gives rise to this motion, is Civil Action No. 16962 filed June 7, 1954, in this Court by Jack K. Metzger and others, naming as defendants PPG and others, seeking money damages for alleged violation of the antitrust laws of the United States, entitled Metzger v. American Window Glass Co. Movant, PPG, points out that the complaint in this Civil Action (No. 16962) borrows liberally from the allegations in the 1952 indictment, indicating the similarities in detail. PPG also states that in their Answers to Interrogatories propounded by various of the defendants, plaintiffs incorporated, practically verbatim, lists from the Government's Bill of Particulars in Criminal No. 16935, and even cited that indictment itself in one answer. It is the position of PPG that

"* * * plaintiffs in Civil Action No. 16962 have already relied heavily upon the Government's pleadings in, and the outcome of, Criminal No. 16935 and expect to base their case in large part on documents produced before the Grand

Jury and whatever factual information can be gleaned from the Indictment and the Government's Bill of Particulars in Criminal No. 16935."

It is unnecessary further to elaborate the position of PPG in this connection, for it would be an act of the utmost naïveté to deny that the present action was inspired—at least to some extent—by the criminal proceedings arising out of the 1952 Grand Jury action. That observation is made solely for the purpose of background and explanation, and is of course intended to impute no impropriety to plaintiffs.

When interrogated on pre-trial deposition in the present Civil Action No. 16962, plaintiff Jack K. Metzger testified that he did appear and testify before the aforementioned Grand Jury. It is apparent, however, that his testimony in that deposition, in answer to questions concerning what he had told the Grand Jury about the alleged conspiracy and PPG's activities, was at least vague—if not unresponsive. Jack K. Metzger testified, nevertheless, that he had no objection to the disclosure of his testimony before the Grand Jury.

His deposition, on file as Exhibit B attached to PPG's motion, bears date of July 13, 1954. He placed the time of his testimony before the grand jury as "Somewhere between '46 and '48." His recollection as to the date of his grand jury appearance, and the date of the indictment, was not refreshed when the questioner suggested the actual year to have been 1952. It is patent that his deposition throws little light on his actual testimony before the grand jury on May 23, 1952.

The movant argues that it requires access to the grand jury testimony in the particular light of the plaintiff's vague deposition in 1954. If his recollection was not clear in 1954 as to what he said in 1952, movant argues, all the more will he have difficulty when examined in the actual trial of this case, since almost four more years have already elapsed. Putting the matter more strongly, it says

"The combination of the passage of time and plaintiffs' wholly natural interest in the outcome of their civil action may well have colored their recollections so that plaintiffs' testimony at trial may be quite different from their testimony before the Grand Jury. PPG is entitled to know what plaintiffs said under oath to the Grand Jury when their interest in the outcome of the proceeding was less personal that it now is."

If this were merely a matter of discovery, further discussion would be unnecessary to show that the case for inspection by PPG is made out. The more serious question, however, is whether the rule of grand jury secrecy is an absolute bar, regardless of the necessities of PPG's preparation for trial and plaintiff's statement in deposition that he would have no objections to inspection by PPG of the transcript of his grand jury testimony.

 It must be conceded that search of the decisions of the courts of the United States reveals no case offering guidance on the exact problem here presented. This is a unique problem—where a grand jury witness, named as a co-conspirator in a Bill of Particulars by a federal grand jury investigating possible antitrust violation in a certain industry and area, later brings a civil action for antitrust violations, concerning practices and transactions which were the subject of the grand jury probe, against a defendant investigated (but not indicted) by the same grand jury. That plaintiff, having testified before that grand jury, two years thereafter gives a deposition which is so uncertain that he makes an error of at least 300% as to the time elapsed since he testified, but gives his permission (for what legal effect it may have) to defendant to inspect his actual testimony. As the discovery processes gradually inch forward with the passage of four more years,

that particular defendant now moves to inspect the 1952 grand jury testimony of that certain plaintiff.

This Court believes the defendant is entitled to that inspection, and shall so order with the distinct stipulation that such order is not to be taken as applying to any other party or phase of the present action, and is granted solely on the strength of the particular and peculiar situation here presented.

The rule under which defendant moves is 6(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides in the most pertinent part:

> "*Secrecy of Proceedings and Disclosure.* Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter or stenographer may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. * * * "

There is here involved but one part of the rule—the first part of the second quoted sentence. The first sentence relates to official use by the government. The second part of the second sentence refers only to attacks by criminal defendants upon the indictments in their own cases. The third sentence requires no comment. The result is that the only part of the rule directly applicable to the present motion is

> " * * * [An] attorney * * * or stenographer may disclose mat-

ters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding * * ."

Before and since the promulgation of that rule, disclosure of grand jury proceedings has occasionally been allowed where the ends of justice will be served. See Doe v. Rosenberry, D.C.S.D.N.Y. 1957, 152 F.Supp. 403 and cases cited therein. In United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 233–234, 60 S.Ct. 811, 849, 84 L.Ed. 1129, the use of the transcript to refresh the witness' recollection was held permissible, the United States Supreme Court saying:

> "Grand jury testimony is ordinarily confidential. See Wigmore, supra, § 2362. But after the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it. See Metzler v. United States, 9 Cir., 64 F.2d 203, 206."

The federal court decisions dealing with disclosure of grand jury transcripts and minutes are legion. The overwhelming majority, however, have arisen in one factual context, where a person under indictment seeks inspection of the transcript—in advance of trial—in the hope of nipping the Government's case in the bud by uncovering grounds for invalidating the indictment or at least forcing a premature blossoming which will disclose to him what lies within the bud.

Such was the background of Judge Learned Hand's oft-quoted statement in United States v. Garsson, D.C.S.D.N.Y. 1923, 291 F. 646, 649, of which enough will be quoted to disclose the reason for the strong ruling:

> "Finally, the defendants * * * move for inspection of the grand jury's minutes. I am no more disposed to grant it than I was in 1909. United States v. Violon, C.C., 173 F. 501. It is said to lie in discretion and perhaps it does, but no judge of this court has granted it, and I hope none ever will. Under our

criminal procedure the accused has every advantage. While our prosecution is held rigidly to the charge, he need not disclose the barest outline of his defense. He is immune from question or comment on his silence; he cannot be convicted when there is the least fair doubt in the minds of any one of the twelve. Why in addition he should in advance have the whole evidence against him to pick over at his leisure and make his defense, fairly or foully, I have never been able to see. \* \* \* ''

It is perfectly true, as the government points out, that the cases are myriad in which inspection has been denied in criminal cases. See cases collected in United States v. General Motors Corp., D.C.D.Del.1954, 15 F.R.D. 486, 487. Such proceedings are likewise protected in civil proceedings in which the government is a party, as in the General Motors case last cited. The reported cases in which disclosure has been permitted, apart from such special situations as defense of perjury, United States v. Rosenberg, 3 Cir., 1957, 245 F.2d 870, or use at trial for impeachment after testimony, United States v. Rose, 3 Cir., 1954, 215 F.2d 617, 628, are public interest matters. Examples are: In re Grand Jury Proceedings, D.C.E.D.Pa.1933, 4 F.Supp. 283—revocation of brewer's beer permit, a federal proceeding; In re Bullock, D. C.D.C.1952, 103 F.Supp. 639—dereliction of duty of police officers; Doe v. Rosenberry, D.C.S.D.N.Y.1957, 152 F. Supp. 403—bar association disciplinary proceedings.

It was in one of such cases, In re Grand Jury Proceedings, D.C.E.D.Pa. 1933, 4 F.Supp. 283, 284, that Chief Judge Kirkpatrick wrote:

"It is sufficient to say that the rule of secrecy has long since been relaxed by permitting disclosure whenever the interest of justice requires. The determination of this matter necessarily rests largely within the discretion of the court whose grand jury is concerned [citations omitted]. It is my considered judgment that the ends of justice can be furthered by permitting the disclosure of this testimony.

"The rule of secrecy, it will be noted, was designed for the protection of the witnesses who appear and for the purpose of allowing a wider and freer scope to the grand jury itself, and was never intended as a safeguard for the interests of the accused or of any third person. The fact that the grand jury has adjourned and been discharged has often been considered as one reason for abandoning secrecy as to its deliberations. It is, however, not the only circumstance which may move the court, nor is it essential to the exercise of its discretion. It yields to the general consideration whether the ends of justice will be furthered by the disclosure. In every case the court is called upon to balance two policies, the one requiring secrecy, the other disclosure."

The case at hand is one in which the pull of the policy of disclosure is strong, since it is common knowledge that the scope of discovery in civil antitrust cases is broad. The problem is the same, nevertheless. As Judge Hartshorne said when granting limited discovery of grand jury testimony in United States v. Ben Grunstein & Sons Company, D.C.D.N.J.1956, 137 F.Supp. 197, 199:

"Basically, therefore, the issue here is, as to how to coordinate justly the policy of the Federal Rules of Civil Procedure [28 U.S.C.A.] for free, full discovery before trial for both parties, with the traditional policy as to the secrecy of Grand Jury proceedings."

Aid in escaping from this impasse is provided by the fact that none of the reasons usually given by the courts for

cloaking with secrecy what takes place before a grand jury apply here, viz.,

"(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt."

That quotation, taken from United States v. Amazon Industrial Chemical Corp., D.C.D.Md.1931, 55 F.2d 254, 261, has been quoted with approval in, *inter alia*, United States v. Rose, 3 Cir., 1954, 215 F.2d 617, 628; Reichert v. Commissioner of Internal Revenue, 7 Cir., 1954, 214 F.2d 19, 22; Schmidt v. United States, 6 Cir., 1940, 115 F.2d 394, 396–397, and cited in many other cases. Most of those five reasons could hardly be less applicable to a case like the present, of course.

The Government, however, points out that disclosure of grand jury proceedings has been unformly denied in connection with civil proceedings. It cites in support of that statement, however, nothing but cases in which the government was a party: e. g. United States v. General Motors Corp., D.C.D.Del.1954, 15 F.R.D. 486; United States v. Radio Corporation of America, D.C.E.D.Pa.1957, 21 F.R.D. 103, and a number of unreported rulings and decisions.

In passing it is mentioned that a case which seems to go contra to those cited by the Government, although clearly involving an unusual factual situation, is United States v. Proctor & Gamble Company, D.C.D.N.J.1956, 19 F.R.D. 122 and 19 F.R.D. 247, now pending before the United States Supreme Court, see 1957, 352 U.S. 997, 77 S.Ct. 556.

As has been said, the problem at hand is *sui generis*, but one can go further. Even the general factual situation presented by this motion is novel: i. e. disclosure of grand jury transcript at the behest of a defendant in a separate proceeding to which the Government, which convened the grand jury, is not a party. Even as to that very broad aspect of the case, apart from its ramifications, there is nothing like it in the reported cases. The nearest is a mere possibility to be gleaned from intimations in a recent District of Columbia decision of Judge Holtzoff. He suggested that the question may arise in the District of Massachusetts in the course of declining jurisdiction since it was by a mere fortuity that the grand jury transcript in question happened to be in the District of Columbia. Schwabe, Inc., v. United Shoe Machinery Corp., D.C.D.C.1957, 21 F.R.D. 233.

The Government's opposition to the present motion has been forceful and challenging. The Court respects its fears that the granting of this motion will prevent enforcement of the laws of the United States, but cannot share them. In addition to the qualifications and limitations heretofore stated, which make this a decision on a situation which, in terms of the reported decisions, is unique, there is another factor which virtually compels the result in the interest of justice.

The movant, PPG, points out that although PPG's activities in the sale and installation of glass in the Philadelphia area were investigated by the Grand Jury in 1952, PPG was neither indicted

by the Grand Jury nor named as a co-conspirator. Under such circumstances, what any of the plaintiffs told the Grand Jury about PPG may well be of extreme importance in its defense—since it is beyond dispute that the same matters investigated by the Grand Jury are involved in the civil action.

Furthermore, the fact that plaintiffs in Civil Action No. 16962 were named as co-conspirators in the Bill of Particulars in Criminal No. 16935 suggests to defendant PPG that a defense of *in pari delicto* may be available as a bar to the present action. See Continental Wall Paper Co. v. Louis Voight & Sons Co., 1909, 212 U.S. 227, 261–267, 29 S.Ct. 280, 53 L.Ed. 486.

This Court agrees that, as a matter of justice the defendant has a right to discovery of testimony necessary to enable it to prepare its defense. Once more, however, it is repeated that this Court here rules on a very narrow situation, where justice and the policy of discovery of the Federal Rules of Civil Procedure seem in the discretion of this Court to outweigh the policy of secrecy as to grand jury proceedings.

This is a motion made under 6(e) of the Federal Rules of Criminal Procedure, but growing out of a civil antitrust suit to which the Government is not a party. The testimony sought is that of a plaintiff in the pending civil action, and is indisputably relevant to the defense of that action. Moreover, for reasons stated, the moving party suggests convincingly that such testimony is needed in connection with a possible defense of *in pari delicto*. The testimony involved is that of one person only, a plaintiff who has consented that his testimony be inspected.

In the light of the foregoing reasons, and solely for the purposes stated, the ruling of this Court is that:

The Motion of Pittsburgh Plate Glass Company for inspection of the transcript of the testimony of Jack K. Metzger before the Special Grand Jury of this Court sitting in Philadelphia from May 15, 1952 to October 16, 1952, be and the same is hereby granted.

In all other respects the Motion of Pittsburgh Plate Glass Company is denied.