In the Matter of BERNARD HUBSCHER, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 3, 1966.

*John G. Bonomi* (*Raymond P. Whearty* with him on the brief), attorney for petitioner.

*Thomas J. Todarelli* of counsel (*Sabbatino & Todarelli*, attorneys), for respondent.

*Per Curiam.* Inattention to the affairs of a client led to the filing of a complaint against respondent with petitioner's Committee on Grievances. All of the frequent efforts of the committee to obtain a response to the complaint were frustrated by respondent's delays and evasions, which went to the extent of twice ignoring the process of this court requiring his appearance before the committee. The record reveals no adequate excuse for respondent's disregard of the committee's endeavor to investigate the complaint against him, and we agree with petitioner's submission that such conduct cannot be overlooked or condoned.

"It is a matter of common knowledge," said the Court of Appeals in *Matter of Dolphin* (240 N. Y. 89, 93), that the petitioner "has done constant and valuable work in maintaining the ethical standards of the legal profession in New York City and in bringing to the attention of the Appellate Division various members of the profession who, in its opinion, had violated those standards and were deserving of discipline." And as this court long ago observed of petitioner's Grievance Committee: "Its work has been of the most important character and has been of great assistance to the court." (*Matter of*

*Branch,* 178 App. Div. 585, 588–589; see *Matter of Zaslav,* 21 A D 2d 243, 245.) Full and forthright co-operation with the committee is essential to the proper performance of its function, and the withholding of such co-operation without cause must be judged a grave disservice to the public interest.

Other charges, also correctly sustained by the Referee, relate to conduct likewise indicative of irresponsibility on respondent's part. But as petitioner itself in its scrupulously fair brief observed, in and of themselves they would not have warranted submission to this court, had they not accompanied respondent's course of conduct with respect to the Grievance Committee. While our disposition takes these charges into account, discussion of their content is unnecessary, except to note that although inconvenience and annoyance were caused to a client and a fellow attorney, any monetary injury appears to have been insubstantial.

The report of the Referee is confirmed. Respondent is a young attorney, and his contrite attitude during the hearings before the Referee seems to reflect an awakened sense of responsibility. For his earlier misconduct, however he should be censured.

BOTEIN, P. J., BREITEL, MCNALLY, EAGER and STEUER, JJ., concur.

Respondent censured.