Alan ZIENTS et al., Plaintiffs,

v.

Willard J. LaMORTE et al., Defendants.

Michael NEMITOFF et al., Plaintiffs,

v.

Willard J. LaMORTE et al., Defendants.

Nos. 67 Civ. 4515, 68 Civ. 3348.

United States District Court,
S. D. New York.

Oct. 6, 1970.

Kaufman, Taylor, Kimmel & Miller, New York City, for plaintiffs.

Joseph Cohen and Esther Antell, New York City, for defendants Nelson, Tozzi, Davies, Cerrato, and Cameron.

H. A. & C. E. Heydt, New York City, for Shattuck Denn Mining Corp.

Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison, New York City, for defendant Benjamin Perlen.

Feldshuh & Frank, New York City, for defendant Willard J. LaMorte.

Brown, Wood, Fuller, Caldwell & Ivey, New York City, for defendant Schweickart & Co.

MANSFIELD, District Judge.

In this action for damages by stockholders of Shattuck Denn Mining Corp. against its officers, directors and others, plaintiffs charge that in violation of the anti-fraud provisions of the federal securities acts the defendants engaged in a scheme to inflate and manipulate the market price of the company's stock through various means, including misleading publicity and releases designed to stimulate a public demand for the stock. The principal defendant is Willard J. LaMorte, President and Director of the company, whose pretrial deposition is presently being taken by plaintiffs' counsel.

Beginning in 1967 the SEC conducted an investigation into the matters that later became the subject of the present private lawsuit and held hearings in which LaMorte testified with respect to some of the matters here at issue. Sometime thereafter he obtained from the SEC a transcript of his testimony, amounting to some 500 pages, which is now in his possession. Plaintiffs have moved to examine it for the purpose of verifying or impeaching the deposition testimony given by him, and defendant LaMorte opposes on the ground that the transcript is privileged from disclosure by reason of the confidentiality provisions of regulations issued by the SEC.

Defendants' position is based principally upon SEC Reg. § 240.0–4, which provides:

"Information or documents obtained by officers or employees of the Commission in the course of any examination or investigation pursuant to section 17(a) (48 Stat 897, sec. 4, 49 Stat 1379; 15 U.S.C. 78q(a)) or 21(a) (48 Stat 899; 15 U.S.C. 78u(a)) shall, unless made a matter of public record, be deemed confidential. Officers and employees are hereby prohibited from making such confidential information or documents or any other non-public records of the Commission available to anyone other than a member, officer, or employee of the Commission, unless the Commission authorizes the disclosure of such information or the production of such documents as not being contrary to the public interest. * * * *"

The basic guidelines are established by the following provisions of the Code of Federal Regulations: 17 C.F.R. § 203.2, which provides:

"Information or documents obtained by the Commission in the course of any investigation or examination, unless made a matter of public record, shall be deemed non-public."

And 17 C.F.R. § 203.6, which adds:

"Transcripts, if any, of formal investigative proceedings, shall be recorded * * * : *Provided, however,* That in a nonpublic formal investigative proceeding a person seeking a transcript of his testimony shall file a written request stating the reason he desires to procure such transcript, and the Commission may for good cause deny such request. In any event, any witness (or his counsel), upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony."

Thus it is left to the administrative agency, the SEC, to determine whether the cloak of confidentiality is essential to the conduct of a particular investigation being conducted by it or whether public disclosure of the contents of documents and testimony would not be contrary to the public interest. In this investigation the SEC does not believe that Mr. LaMorte's testimony must remain confidential, since it has permitted him to obtain a complete transcript without any injunction against his disclosure of it to third persons. Furthermore, LaMorte himself has no objection to testifying in this action with respect to precisely the same matters that have been the subject of interrogation by the SEC in its investigation.

Under such circumstances we fail to see any sound purpose to be served in barring plaintiffs here from access to the transcript of LaMorte's SEC testimony. His counsel argues that the transcripts of such testimony should be kept confidential in order to encourage witnesses to testify fully in administrative proceedings conducted by the SEC. Since the witness, however, is bound by subpoena to give full and frank testimony in such proceedings (as well as here), we question whether the SEC's regulations are designed for the benefit of the witness rather than to permit the SEC to enjoy confidentiality, where it is deemed necessary, in order effectively to complete its investigation. Here the

SEC, by releasing the testimony to LaMorte, does not consider confidentiality as being any longer essential to the investigation.

Even assuming *arguendo* that the regulations were adopted partly for the benefit of witnesses such as LaMorte, we believe that a sufficiently compelling interest has been shown in the present action to warrant disclosure. Such disclosure should have the effect of insuring accuracy and truthfulness in the evidence to be furnished by LaMorte. The situation therefore is analogous to permissible discovery of income tax returns, e. g., Trans World Airlines, Inc. v. Hughes, 29 F.R.D. 523, 524 (S.D.N.Y. 1961); see Jones v. Uris Sales Corp., 373 F.2d 644, 646–47 (2d Cir. 1967), census reports not in the hands of the Census Bureau, St. Regis Paper Co. v. United States, 368 U.S. 208, 82 S.Ct. 289, 7 L.Ed.2d 240 (1961), and under some circumstances grand jury testimony, In Matter of Special 1952 Grand Jury, 22 F.R.D. 102 (E.D.Pa.1958).

Defendants argue that simply because LaMorte requested and received a copy of his testimony before the SEC, sufficient justification does not exist to require him to turn over copies of his transcript to plaintiffs. The Supreme Court explicitly rejected a similar argument in the *St. Regis Paper Co.* case. There the petitioner had kept copies of the census information it had furnished the Census Bureau. Though the statute clearly stated that this information should not be used while in the hands of the government officials, there was no immunity from legal process of the copies of the report not in the hands of the Census Bureau. The court would not confer confidentiality unless the statute, "strictly construed, requires such a result." *Id.* at 218, 82 S.Ct. at 295.

Defendants also rely on Commercial Capital Corp. v. SEC, 360 F.2d 856 (7th Cir. 1966), where the court upheld the discretion of the SEC in refusing to make available to the petitioners tran-

scripts of their testimony before a non-public investigation. That case, however, implicitly supports the view we take here. The petitioners in *Commercial Capital* appeared at the SEC non-public investigation pursuant to subpoenas and testified. Pursuant to 17 C.F.R. § 203.6, the relevant parts of which we have quoted above, the petitioners asked for, and were refused, copies of their transcripts because the SEC at the time decided that secrecy was needed: the SEC later brought an injunction suit against the petitioners and further investigations were being conducted in order to determine if the Justice Department should prosecute criminally. In the present case the SEC has honored LaMorte's request and furnished him with a transcript. We pointed out above that the main purpose of the SEC secrecy rule is to protect SEC investigations, not to encourage witnesses to speak truthfully; they are already under an obligation to speak truthfully. *Commercial Capital* supports our conclusion:

> "The legislative history of the Administrative Procedure Act shows Congress was aware that investigations by the Commission, like those of a grand jury, might be thwarted in certain cases if not kept secret, and that if witnesses were given a copy of their transcript, suspected violators would be in a better position to tailor their own testimony to that of the previous testimony, and to threaten witnesses about to testify with economic or other reprisals. Therefore Congress added to an earlier draft of Section 6(b) of the Administrative Procedure Act, language giving the agencies the authority to deny for good cause a witness' request for a transcript of his testimony in a non-public investigation." (*Id.* at 858)

It is therefore ordered that defendant LaMorte turn over to plaintiffs, and co-defendants who request it, copies of the SEC transcript which he has in his possession.