**CITY OF PHILADELPHIA**

v.

**WESTINGHOUSE ELECTRIC CORPORATION et al., and related cases.**

Civ. A. Nos. 29810, 29817, 29920, 29921.

United States District Court
E. D. Pennsylvania.
Oct. 23, 1962.

Harold E. Kohn, Aaron M. Fine, Dolores Korman, Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., for plaintiffs.

W. Wilson White, Philadelphia, Pa., Robert S. Allen, St. Louis, Mo., White & Williams, Philadelphia, Pa., R. Walston Chubb, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for defendant Wagner Elec. Corp.

CLARY, Chief Judge.

There is presently before the Court a motion for the production of the transcript of the testimony of A. C. Allen, Sales Manager of defendant, Wagner Electric Corporation, before a Grand Jury of this Court. Mr. Allen was deposed as the first witness in the national deposition program for the civil antitrust actions for damages brought against the nation's heavy electrical equipment manufacturers by customers who alleged damages arising out of the same circumstances which resulted in criminal judgments against the same defendants in this Court in 1960. Because of the numerous problems resulting where some 1800 similar actions are scattered throughout some 35 districts of the country, the judiciary, through a sub-committee of the Judicial Conference of the United States, has established a national discovery program. This includes a documentary depository in the Northern District of Illinois and a consolidated national deposition program under which all depositions taken in certain specified districts, at certain specified times, will be available for use at trials in every district of the United States.

Allen's testimony disclosed that he had actually testified before the Grand Jury and had made a record of this testimony immediately thereafter. It is quite apparent, after the Court had held the written record of his testimony not privileged, that his memory became sharper

and keener than it had been up to that time. The plaintiffs, feeling that perhaps important details of the testimony given before the Grand Jury may have been omitted, thereupon petitioned the Court for the right to review his Grand Jury testimony.

█ At the threshold, the Court posed what it considered and considers the two vital questions, answers to which will determine the action of the Court. The first question is as follows: In taking the testimony of a witness in civil litigation, does the Court have the power, under any circumstances, to order disclosure to non-government litigants of the testimony previously given by that witness on the same subject matter to a Federal Grand Jury? If the answer is "No", the matter is ended. However, if the answer is "Yes", the second question arises. That question is: Do the circumstances presently before the Court in taking the deposition of the witness Allen under the national discovery program warrant disclosure of the testimony of the deponent before the Grand Jury investigating the same subject matter? Assuming that the Court would order the disclosure, under what conditions, procedure and considerations should disclosure of any part or the whole of the deponent's testimony be ordered?

After careful consideration, the Court has come to the conclusion that the first question must be answered in the affirmative. The opening of Grand Jury testimony in this instance lies within the sound discretion of the deposition Judge. The traditional rule of Grand Jury secrecy and the occasions upon which that secrecy can be dropped have been stated in Rule 6(e) of the Federal Rules of Criminal Procedure:

"Secrecy of Proceedings and Disclosure. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties.

Otherwise a juror, attorney, interpreter or stenographer may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. * * *"

All cases in this area agree that disclosure of Grand Jury testimony is a matter left to the considered discretion of the trial Judge, e. g. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); United States v. Rose, 215 F.2d 617 (3 Cir., 1954); In re Grand Jury Proceedings, 4 F.Supp. 283 (E.D. Pa.1933). The discretion of the Court in this case is to be found in the second sentence which allows the Court to direct disclosure of Grand Jury matters preliminarily to or in connection with a judicial proceeding.

Defendants have argued that the second sentence allows disclosure only to the defendant. It is urged that the phrase "upon a showing that grounds may exist for a motion to dismiss the indictment * * *" was intended to modify all of the preceding part of the sentence.

This position is without merit. To read the Rule as so qualified is to ignore the grammatical construction of Rule 6(e) as finally adopted. Even if the draftors of the Rule were, as defense counsel urges, primarily concerned with insuring disclosure to certain defendants, the Rule as adopted is more encompassing. The grant of power to order disclosure is stated in broad terms without expressed restrictions upon the Court's discretion. None of the many cases have read this Rule to the contrary.

Thus, the question is squarely presented whether the circumstances presently before this Court warrant the disclosure of the Grand Jury testimony of the deponent Allen. From the outset, it must be accepted that we are dealing with policies. As Judge Kirkpatrick, of this Court, said in one of the first cases to confront this sort of issue " * * the court is called upon to balance two policies, the one requiring secrecy, the other disclosure." In re Grand Jury Proceedings, supra, at 285.

The Supreme Court has quite clearly stated in United States v. Procter & Gamble Co., supra, 356 U.S. at 682–683, 78 S.Ct. 983, that the policy of secrecy accorded to Grand Jury proceedings can only be outweighed by this countervailing policy upon the showing of a particular need, compelling necessity, or that the ends of justice require it. This position was reemphasized in Pittsburgh Plate Glass Co. v. United States, supra. These cases have been equally clear in deciding that relevancy and usefulness of the testimony are not enough to satisfy these standards of necessity and justice. United States v. Procter & Gamble Co., supra, 356 U.S. at 682–683, 78 S.Ct. 983; Pittsburgh Plate Glass Co. v. United States, supra, 360 U.S. at 400, 79 S.Ct. 1237.

If relevancy and usefulness were the only factors of need in plaintiffs' case, this motion would have to be denied. However, other essential considerations are present in these numerous cases which must move the scale in favor of some limited opening of the Grand Jury testimony.

The unique nature of these cases and this program of discovery must be given considerable weight. These depositions are binding upon all plaintiffs. And most of these plaintiffs—states, municipalities, and public utilities—are inherently charged with the duty to protect widereaching public interests.

■ Plaintiffs have asserted that if all of Allen's Grand Jury testimony has been repeated in the deposition, that testimony is no longer secret and no harm can come from disclosure. But this ignores the heart of the matter. As outlined before, the Court must consider two policies, one requiring secrecy and the other disclosure. And there can be no policy in favor of disclosure unless there is particular need. The lack or improbability of harm is but a factor in the evaluation of the need for secrecy. It is not a factor demonstrating a need for disclosure. While the need for secrecy may not be apparent in a particular case, it must be kept in mind that there is a general policy, fundamental and historically supported, which demands secrecy. Secrecy must still prevail in the absence of *particular compelling need.* In the tradition of the test established by Judge Kirkpatrick, and adopted by the Supreme Court in Procter & Gamble, disclosure cannot be compelled by the negative fact that there may be no immediate need for secrecy, but only by the positive need for disclosure. If judicial determination could be made by something as simple as a mechanical balance, the weight on the side of disclosure would have to clearly tip the balance in its favor.

Because of the importance of the question involved, the Court, at the request of the National Deposition Committee, asked for a statement of the position of the Department of Justice. Donald G. Balthis, Esq., head of the Philadelphia office of the Antitrust Section of the Department of Justice, appeared before the Court and stated the position of the Government as follows:

"1. That such power exists in this Court.

"2. That such power should be exercised only if and when the Court makes the same kind of determination as to the need for such disclosure that a trial court would usually make.

"3. That such a determination requires an in camera examination of the transcript by this Court for the purpose of deciding whether

or not the rule of justice will be better served by such disclosure than by non-disclosure, that is, whether the public interest in maintaining secrecy of the Grand Jury process is outweighed by a particularized showing that disclosure is needed to achieve a just result in this litigation.

"4. That where such a determination is made only so much of the transcript shall be disclosed as is needed to achieve this result.

"5. That before any particular transcript is turned over, the Justice Department be given a reasonable opportunity to express its view as to the propriety of the contemplated turnover of the testimony in question."

█ It is the feeling of the Court and the Deposition Committee that the above position taken by the Government is eminently fair, just and reasonable. To the above, the Court would add that Grand Jury transcript should never be opened solely for discovery purposes. The historical reluctance of the Court to open Grand Jury records would outweigh any other considerations where they are sought purely for discovery purposes. However, the Court points out that these are trial depositions which may be utilized in any section of the country, and it is in that light that determinations are being made in this case.

Again reverting to the over-all problem, as Judge Kirkpatrick indicated, the need for secrecy must also be weighed and subjected to analysis. Five reasons have been cited with agreement by numerous Federal Courts as compelling the rule of secrecy, e. g. United States v. Procter & Gamble Co., supra, 356 U.S. at 681–682, n. 6, 78 S.Ct. 983; United States v. Rose, supra; United States v. Amazon Industrial Chemical Corp., 55 F.2d 254, 261 (D.C.Md.1931). These reasons are:

(1) To prevent the escape of those whose indictment may be contemplated;

(2) To insure the utmost freedom to the Grand Jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the Grand Jurors;

(3) To prevent subornation of perjury or tampering with the witnesses who may testify before the Grand Jury and later appear at the trial of those indicted by it;

(4) To encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes;

(5) To protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

Numbers 1, 2 and 3 are no longer reasons for secrecy after an indictment has been returned and trials completed. Cf. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129 (1940). And No. 5 is not here involved.

Number 4, the need to encourage free disclosure by those who have information of crimes, is a reason for secrecy which can be ignored by no Court. The willingness of a witness to speak openly without fear must not be subordinated to any policy if the Grand Jury system is to function. However, we are here concerned at any one time with opening the testimony of an individual witness in a single peculiar case.

The defendants have laid great stress upon the refusal of Chief Judge Ganey (now Judge of the Court of Appeals), Application of the State of California, 195 F.Supp. 37 (E.D.Pa.1961), Judge Wood, In re Grand Jury Proceedings, 29 F.R.D. 151 (E.D.Pa.1961), and Judge Kraft, United States v. General Electric Co., 209 F.Supp. 197 (E.D.Pa.1961), in refusing applications with respect to these same Grand Jury records. A close examination of those cases, however, reveals that none of them posed the problem presented here. We are now dealing with trial depositions and it will be noted

that in each of the other instances, the application was for discovery purposes only, which, as set forth above, is not a proper ground upon which to predicate an order for disclosure.

 The testimony of the witness Allen has been examined in camera by the Court. It is the conclusion of the Court that in this particular instance, the Grand Jury transcript should not be ordered. It is also the conclusion of the Court, however, that the Grand Jury transcript of any witness deposed in this program, either in this district or in any other district of the United States in which these cases are pending, should be made available to the deposition Judge for use in his district. There may be and probably will be many instances during these national depositions when disclosure may be advisable. Were it not for the availability of Allen's summary of his Grand Jury testimony, this may have been just that sort of instance. The refusal to open Allen's testimony cannot rule out production where in camera examination by a deposition Judge uncovers material discrepancy or significant facts which the witness concealed, or failed to remember, at his deposition. Such disclosure as is necessary to uncover full and complete facts must be allowed. If, at the completion of any deposition taken in the national program, a motion is made for the production of that witness' Grand Jury testimony, and if the deposition Judge requests it from this Court for examination in camera, the testimony will be immediately made available to him. The deposition Judge may then contrast the Grand Jury testimony with the deposition and determine, in his own discretion, whether in the interest of justice there is compelling need for disclosure.

Not all situations that may confront a deposition Judge can be foretold or foreseen, but some workable program in this connection must be devised which will insure the production of Grand Jury testimony under proper safeguards. Therefore, upon the request of any deposition Judge to this Court, a single copy of the witness' testimony will be made and sent by the Clerk of this Court, by registered mail, and under the seal of the Court, to the deposition Judge for his examination and action, and thereafter when it has served its purpose, it shall be returned to the Clerk of this Court who will impound it. Should a deposition Judge, prior to the taking of the deposition of a witness, request such a copy, his request will be honored, and a copy of the transcript forwarded, again under the seal of the Court. If no motion is made with respect to the testimony of the particular witness, the transcript will be returned to the Clerk of this Court unopened. This action is being taken solely for the purpose of expediting the national discovery program.

An appropriate Order will be entered concurrently with the filing of this Opinion.