In the Matter of the National Deposition of Brenan R. SELLERS.

In the Matter of the National Deposition of Brenan R. Sellers

in

COMMONWEALTH EDISON COMPANY et al., Plaintiffs,

v.

ALLIS-CHALMERS MANUFACTURING COMPANY et al., Defendants.

and

Electrical Equipment Antitrust Cases Pending in Various United States District Courts.

Civ. A. No. 61 C 1277 and related cases.

United States District Court N. D. Illinois.

Dec. 18, 1962.

See also 211 F.Supp. 736.

Appearances of counsel one listed in the prior report of this case at 211 F. Supp. 712.

BOLDT, District Judge.

During the taking of the deposition of Brenan R. Sellers at Chicago before the undersigned Deposition Judge November 13–14, 1962, as a part of the National Deposition Program in the above captioned cases, application was made for production of and release to plaintiffs' attorneys of the transcript of the Philadelphia Grand Jury testimony of the deponent. The application was reaffirmed by formal motion to which defendant has responded by written objections and memorandum.

On the showing made therefor, request was made to Chief Judge Clary, E. D. Pa., for delivery of such transcript to the undersigned Deposition Judge pursuant to the opinion and order of Judge Clary entered October 23, 1962.[1] City of Philadelphia v. Westinghouse Electric Corp.,

1. In making the oral ruling that the Court would examine the Grand Jury Testimony of the deponent (pp. N4355–58) it was erroneously stated that Sellers recorded a summary of his Grand Jury Testimony immediately after it was given. Other deponents did this but not Sellers. His oral statements were made some time later to counsel who made written notes thereof. It was these memoranda Sellers testified were "locked up" and not made available to him during his preparation by counsel for the taking of his deposition.

et al., 210 F.Supp. 486, and related cases (E.D.Pa., October 23, 1962). Such request was granted by order of Judge Clary and the transcript transmitted to the undersigned in whose possession it has remained to the present time.

A close and careful examination of deponent's Grand Jury testimony shows disclosure therein of many facts of vital importance to essential issues in the above captioned litigation which were not recalled or were denied by deponent in his deposition testimony. These disclosures are so interwoven with other testimony as to make segregation highly impracticable, if not impossible. There is no indication that any portion of deponent's Grand Jury testimony need be withheld from release as being "merely for discovery" purposes or prejudicial to Grand Jury security.

In my considered judgment all conditions for release of Grand Jury testimony specified in Judge Clary's opinion and order above referred to are fully met as to deponent Sellers' testimony and I find that a particular compelling need for disclosure thereof has been shown and that the ends of justice clearly require it. Judge Clary's carefully considered opinion stated more stringent requirements for release of Grand Jury testimony than might have been required as is indicated by the memorandum hereto attached and made a part hereof.

The Deposition Judges' extreme concern for and caution as to legitimate Grand Jury secrecy and security are demonstrated by the denial of all previous requests for release of the Grand Jury testimony of a deponent in this series of national depositions, i. e., Judge Clary as to deponent Allen, Judge Kirkpatrick as to deponent Lewis, and the undersigned Judge as to deponent Burke.

Accordingly, notice is hereby given to all counsel of record at the taking of the Sellers deposition that on the 31st day of December, 1962, the undersigned will cause a copy of Sellers' Grand Jury testimony to be delivered to lead counsel for plaintiffs. The transcript will be so provided solely for the personal perusal of counsel attending the taking of the Sellers deposition and will be used only for such further interrogation of deponent Sellers as may be authorized. No part of the transcript shall be copied or reproduced in any form, and the whole thereof shall be returned to the undersigned Judge when its use for the purpose stated has been completed.

In my opinion this order involves a controlling question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

## MEMORANDUM

█ █ Although the Supreme Court has not passed upon a release of Grand Jury testimony under the circumstances presented by the instant application, the principles which sustain such a release appear to be fully recognized in the two most recent Supreme Court pronouncements on this general subject, United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) and Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959). The opinions in those cases confirm the long-understood rule that the policy favoring secrecy for Grand Jury proceedings will give way in instances of "compelling necessity" where a "particularized need" is shown and the secrecy of the proceedings can be lifted "discretely and limitedly," United States v. Procter & Gamble, supra, 356 U.S. at 682–683, 78 S.Ct. at 986–987, 2 L.Ed.2d 1077; Pittsburgh Plate Glass Co. v. United States, supra, 360 U.S. at 399, 79 S.Ct. at 1240–1241, 3 L.Ed.2d 1323, and that the determination of such circumstances is largely "committed to the discretion of the trial judge," Pittsburgh Plate Glass Co. v. United States, supra, at 399, 79 S.Ct. at 1240–1241, 3 L.Ed.2d 1323. In both those cases disclosure was denied but

the denial was under circumstances which, by contrast, serve to emphasize the sufficiency, under the standards indicated by the Court, of the cause for disclosure found here.

■ In the Pittsburgh Plate Glass case, the Court upheld the refusal of the trial judge to order disclosure in response to a request which "did not invoke the discretion of the trial judge, but asserted a supposed absolute right" to production of the Grand Jury testimony. 360 U.S. 395, 401, 79 S.Ct. 1237, 1241–1242, 3 L.Ed.2d 1323. There was no attempt to show a particularized need. The point at issue was simply whether, by analogy to Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), the defendant was entitled as of right to inspection of a trial witness's grand jury testimony, a claim which the trial court and the Supreme Court rejected. In reaching that conclusion the Court made clear that need for disclosure may be established without a preliminary showing of contradiction between the witness's trial testimony and his grand jury testimony, and the Court reserved the possibility that a trial judge may be obligated, upon a proper request, to examine grand jury testimony to see whether such contradiction exists. 360 U.S. 395, 400–401, 79 S.Ct. 1237, 1241–1242, 3 L.Ed.2d 1323. The implication is clear that had the trial judge, upon a proper request, exercised his discretion in favor of making an *in camera* inspection of the transcript, and upon such inspection found contradictions in the testimony, it would have been at least permissible and possibly required for him to order disclosure of the Grand Jury testimony. It is that situation which now confronts this Court.

The Procter & Gamble case resembles the present one in that there disclosure of Grand Jury testimony was sought in connection with pre-trial discovery rather than for the purpose of cross-examination at trial. There, however, as in the Pittsburgh Plate Glass case, the demand was rejected because of its excessive breadth and because no "particularized" showing of need was made. What was sought was production of the entire transcript of the Grand Jury investigation. The need shown was merely that, as the Court said, "discovery through depositions, which might involve delay and substantial costs, would be avoided." 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077. This was held not to be "good cause" for what the Court repeatedly characterized as "*wholesale* discovery and production of a grand jury transcript." 356 U.S. at 683, 684, 78 S.Ct. at 987, 2 L.Ed.2d 1077 (emphasis in original).

I cannot read the decision in the Procter & Gamble case as holding that disclosure of Grand Jury testimony is never proper as a part of discovery proceedings. It shows only that such disclosure may not be used as a *substitute* for ordinary discovery by means of depositions and the other discovery devices, and that disclosure may not be permitted "wholesale" but only upon a showing of specific need for particular testimony. It is only in this sense that the Procter & Gamble case should be understood as imposing the caveat expressed by Judge Clary (City of Philadelphia v. Westinghouse Electric Corp., October 23, 1962, supra) that "Grand Jury transcript should never be opened solely for discovery purposes." In the Procter & Gamble case the Court was ruling upon motions made under Rule 34 of the Federal Rules of Civil Procedure, one of the battery of "discovery" rules; the Court did not hold that production under Rule 34 would in all circumstances be improper but only that "good cause" within the meaning of that Rule had not been established.

■ In addition, however, as Judge Clary has pointed out, the deposition in connection with which the present request for disclosure of Grand Jury testimony has been made is being taken under Rule 26 of the Federal Rules of Civil Procedure and is therefore a deposi-

tion which not only serves discovery purposes but which may be used at trial under any of the circumstances specified in Rule 26(d). The deposition is being taken under orders which make it applicable in most of the approximately 1800 electrical equipment treble damages cases pending in United States District Courts. The number of cases in which the deposition will be applicable, together with the magnitude and probable duration of this entire body of litigation, adds greatly to the potential importance of the deposition as evidence under Rule 26(d). The need of the moving parties for access to the Grand Jury testimony for purposes of refreshing the witness's recollection or exposing inaccuracies in his deposition testimony is therefore as great now as it might be at trial. Indeed, as Judge Lord appears to have been persuaded in granting a motion for inspection of Grand Jury testimony under circumstances very similar to those present here, In re Special 1952 Grand Jury, 22 F.R.D. 102, 104 (E.D.Pa., 1958), the likelihood that the witness's recollection will become even dimmer by the time of trial is itself an important reason for allowing disclosure at this stage of the proceedings.

█ The fact that disclosure of the Grand Jury testimony is sought in a private civil action rather than in criminal proceedings or in a civil suit brought by the United States (as in the Procter & Gamble and Pittsburgh Plate Glass cases) is, of course, no bar to the power of the court to grant the application. Rule 6(e) of the Federal Rules of Criminal Procedure expressly authorizes disclosure "preliminarily to or in connection with a judicial proceeding." Such requests have heretofore been granted in connection with private treble damage suits under the antitrust laws, In re Special 1952 Grand Jury, supra; Herman Schwabe, Inc. v. United Shoe Machinery Corp., 194 F.Supp. 763 (D.Mass., 1958), as well as in other kinds of independent or collateral proceedings, In re Grand Jury Proceedings, 4 F.Supp. 283 (E.D.Pa., 1933); In the Matter of Petition for Disclosure of Evidence Before the October, 1959 Grand Jury of this Court, 184 F.Supp. 38 (E.D.Va., 1960); In re Bullock, 103 F.Supp. 639 (D.C. 1952); Doe v. Rosenberry, 255 F.2d 118 (2d Cir., 1958). In the case last cited, Judge Learned Hand defined the term "judicial proceeding" in Rule 6(e) as including "any proceeding determinable by a court, having for its object the compliance of any person, subject to judicial control, with standards imposed upon his conduct in the public interest, even though such compliance is enforced without the procedure applicable to the punishment of crime." 255 F.2d at 120. There can be no doubt that a treble damages action under the antitrust laws is such a proceeding. It should be noted that in both Schwabe v. United Shoe Machinery Corp., supra, and In re Special 1952 Grand Jury, supra, disclosure was granted over the objection of the government. In the present situation, as Judge Clary's opinion permitting release of the Grand Jury testimony states, the Department of Justice has taken the position that the court has power to order disclosure under such circumstances as I have now found.