CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Plaintiff,

v.

ALLIS–CHALMERS MANUFACTURING COMPANY et al., Defendants.

ATLANTIC CITY ELECTRIC COMPANY et al., Plaintiffs,

v.

GENERAL ELECTRIC COMPANY et al., Defendants.

United States District Court
S. D. New York.
April 26, 1963.

See also 207 F.Supp. 620.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for plaintiffs Atlantic City Electric Co., Appalachian Power Co. and others, Milton Handler, James B. Henry, Jr., David Klingsberg, Michael Malina and Paul J. Curran, New York City, of counsel.

Reid & Priest, New York City, Charles F. Schirmeister, and Clifford D. Root, New York City, of counsel, Coudert Bros., New York City, for plaintiffs Dallas Power & Light Co., Carolina Power & Light Co. and others, Joseph A. McManus, New York City, of counsel.

Fraser, Stryker, Marshall & Veach, Omaha, Neb., for plaintiff Omaha Public Power Dist., W. C. Fraser, Omaha, Neb., of counsel.

Sidney Goldstein, Gen. Counsel, New York City, for plaintiff The Port of New York Authority, John F. McNeil, New York City, of counsel.

Mudge, Stern, Baldwin & Todd, New York City, for plaintiff Citizens Utilities Corp., Donald Miller, of counsel.

Naylon, Foster, Dean & Aronson, New York City, for plaintiff New York State Electric & Gas Co., Roderick Schutt, New York City, of counsel.

LeBoeuf, Lamb & Leiby, New York City, for plaintiffs Consolidated Edison Co. of New York, Niagara Mohawk Power Corp., Arkansas Power & Light Co. and others, and Orange Rockland Utilities, Horace R. Lamb, Taylor R. Briggs, Douglas W. Hawes and Joseph Diamond, New York City, of counsel.

Winthrop, Stimson, Putnam & Roberts New York City, for plaintiffs Consumers Power Co. and others, Merrell E. Clark, Jr., James T. Boorsch, and B. Brooks Thomas, New York City, of counsel.

Coburn, Croft & Cook, St. Louis, Mo., for plaintiffs Union Electric Co., Missouri Power & Light Co. and Missouri Edison Co., Alan C. Kohn and Peter W. Herzog, Jr., St. Louis, Mo., of counsel.

John J. Galgay, Chief Antitrust Division, New York City.

Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., for plaintiffs Philadelphia Electric Co., City of Philadelphia, City of Boston and Fort Pierce and others, Harold E. Kohn, Philadelphia, Pa., of counsel.

Lawler, Felix & Hall, Los Angeles, Cal., for plaintiffs Southern Cal. Edison Co., Pacific Gas & Electric Co. and others, Michael L. Parker, and R. W. Stephens, II, Los Angeles, Cal., of counsel.

Rhyne & Rhyne, Washington, D. C., for plaintiff City of Chicago and others, Brice W. Rhyne and Anthony Low Joseph, Washington, D.C., of counsel.

Shanley & Fisher, Newark, N. J., for plaintiff Public Service Electric Co., Frederick B. Lacey, Newark, N. J., of counsel.

Ely, Duncan & Bennett, Washington, D. C., for plaintiff State of Maryland, David B. Beers, San Diego, Cal., of counsel.

Roger Arneberg, City Atty., Gilmore Tillman, Chief Asst. City Atty., Los Angeles, Cal., for plaintiff Dept. of Water & Power, City of Los Angeles, Desmond J. Bourke, Los Angeles, Cal., of counsel.

Morris L. Chucas, Philadelphia, Pa., and Frederick M. Myers, Jr., Pittsfield, Mass., for Clyde A. Lilly, Jr.

Cravath, Swaine & Moore, New York City, for defendant Westinghouse Electric Corp., John Logan O'Donnell, New York City, David J. Armstrong, Pittsburgh, Pa., Eugene P. Souther, Victor M. Earle III and Robert S. Rifkind, New York City, of counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant Allis-Chalmers Mfg. Co., S. Hazard Gillespie, Robert B. Fiske, Jr. and Porter R. Chandler, New York City, of counsel.

White & Case, New York City, for defendant General Electric Co., Edgar E. Barton, Thomas Kiernan, Thomas B. Leary, New York City, and Arthur I. Strang, Schenectady, N. Y., of counsel.

FEINBERG, District Judge.

As part of the National Deposition Program in the electrical antitrust cases, the depositions of L. M. Eikner and Clyde A. Lilly, Jr. were taken in this Court in the week of March 4, 1963, and

the deposition of Daniel J. McLane, Jr. in the week of April 15, 1963. At the depositions, plaintiffs requested the Court to inspect the transcript of previous testimony of these witnesses before a Grand Jury in Philadelphia, and to release the transcript for use by plaintiffs, if the standards set forth in Chief Judge Clary's opinion in City of Philadelphia v. Westinghouse Elec. Corp., 210 F.Supp. 486 (E.D.Pa.1962), appeal dismissed (3 Cir. 1963), were met. These applications raise two basic issues: (1) whether this Court has the power to inspect the Grand Jury testimony and release any portion thereof for use in the National Deposition Program; and (2) assuming such power exists, whether it should be exercised in these particular cases.

1. There have recently been a number of opinions in these electrical antitrust cases dealing with the propriety of release of Grand Jury testimony, including the opinion of Chief Judge Clary referred to above, the memorandum opinion and order of Judge Boldt, (S.D.N.Y. 1962), approved and confirmed by Chief Judge Ryan (releasing the entire testimony of John T. Peters before the Philadelphia Grand Jury), and the *per curiam* opinion[1] of the Court of Appeals for the Second Circuit in Atlantic City Elec. Co. v. A. B. Chance Co., 313 F.2d 431 (2 Cir. 1963), denying leave to appeal from that order and denying a petition for a writ of mandamus.[2] In these opinions, the issue of the Court's power to permit disclosure of Grand Jury minutes in the situation here presented was carefully considered and answered in the affirmative. The Court of Appeals for this Circuit, in Atlantic City Elec. Co. v. A. B. Chance Co., supra at 434, explicitly stated that "there was no absolute bar to disclosure," and that the question was one for the discretion of the deposition judge. Accordingly, I conclude that this Court has the power to examine and release the Grand Jury testimony of Messrs. Eikner, Lilly, and McLane, provided there is compliance with the conditions set forth in the above opinions.

2. With regard to whether the circumstances are such as to justify release of any portion of the Grand Jury testimony of these three witnesses, I have carefully reviewed that testimony and have compared it with the testimony given by these witnesses in the depositions conducted here in New York. Moreover, in accordance with Chief Judge Clary's opinion,[3] the Department of Justice has been given an opportunity to object to the release of any portion of this Grand Jury testimony and has not done so. I find that in the case of each witness, there are either material discrepancies on important factual issues between his Grand Jury testimony and deposition testimony or significant facts that the witness failed to recall at the deposition. I find that in the interest of justice there is a compelling need for a limited disclosure of portions of the Grand Jury transcript of these witnesses and, accordingly, those portions will be released. I have also kept in mind—and so find—that some portions of the released testimony are so interwoven with other portions thereof that they should not be segregated from each other. Moreover, it does not appear that any portion of the released testimony should be withheld on the ground that such release would be for discovery purposes only or would be prejudicial to Grand Jury security.

Settle order on notice incorporating the conditions stated by Chief Judge Ryan on April 15, 1963, when the release of the Grand Jury testimony of John T. Peters was ordered.

1. The panel consisted of Chief Judge Lumbard, Judge Kaufman, and Judge Marshall, the latter concurring in the result.

2. Thereafter, an application for a stay of the same order, pending *certiorari*, was denied by Mr. Justice Harlan in a memorandum opinion, 83 S.Ct. 964 (1963).

3. See City of Philadelphia v. Westinghouse Elec. Corp., 210 F.Supp. 486, 490 (E.D. Pa.1962), appeal dismissed (3 Cir. 1963).