**ATLANTIC CITY ELECTRIC COMPANY et al., Plaintiffs,**

**v.**

**GENERAL ELECTRIC COMPANY et al., Defendants.**

United States District Court
S. D. New York.

Feb. 10, 1965.

Webster, Sheffield, Fleischmann, Hitchcock, & Chrystie, Kaye, Scholer, Fierman, Hays & Handler, New York City, for plaintiffs.

Whire & Case, New York City, for defendant General Electric.

A. SHERMAN CHRISTENSEN, District Judge (assigned) Special Master.

As a part of the national deposition program in the electrical antitrust cases, the deposition of A. L. Nolan, Jr., was taken on November 30 and December 1, 1964. At the close of the examination, counsel for the plaintiffs requested the court to inspect the transcript of previous testimony of this witness before a grand jury in Philadelphia, and to release the transcript for use by plaintiffs in further examination of the witness if the standards set forth in Judge Clary's opinion in City of Philadelphia v. Westinghouse Electric Corporation, 210 F.Supp. 486 (E.D.Pa.1962), were found to be met.

I have carefully reviewed the grand jury testimony of this witness and compared it with his testimony at the deposition. The Department of Justice has been given an opportunity to object to the release of any portion of this grand jury testimony and has not done so, except to refer to the general statement of its position as made to Judge Clary. I have considered all of the circumstances relating to the litigation which appear to have a bearing upon the decision and I have considered the criteria described in Judge Clary's opinion. Believing myself now·fully advised, I conclude that the transcript of the grand jury testimony of Nolan should not be released. My reasons are these:

There is not believed to exist any overriding necessity or justification to pierce the traditional secrecy of grand jury proceedings. There was substantial disclosure made by the witness at the deposition and where disclosure was not made it was more due to the types of questions asked than to any refusal to answer or failure of memory which the grand jury transcripts would correct. The grand jury transcripts may have suggested to counsel a different approach in questioning, but it should not be the function of grand jury hearings to brief counsel in other cases on the most productive techniques. I say that with all respect to the able counsel who conducted the examination. No doubt he had objectives in mind other than reaching the broad answers which more general questions would have elicited, and he was commendably circumspect in trying to fix specific times and places and to relate them to specific conversations. But the fact remains that an able and painstaking examination focused upon precise dates and places rather than on general recollections and conclusions as to the substance of conferences and transactions deprive the grand jury transcripts of much point.

It must be recognized that Nolan was not what might be termed a cooperative witness at the deposition. He usually limited his answer strictly to the questions asked, did not volunteer, and furnished as little information as the questions and the questioner would permit. Thus, it is apparent from the record that when he answered the questions typically asked by counsel for the plain-

tiff, such as whether he recalled conversations at specific places or on specific dates, his typical answer would be in the negative when he could not recall that the conversations were on the particular date or at the particular place mentioned in the question, even though he might generally recall the conversation without reference to time or place.

Despite this obvious practice of answering, counsel for the plaintiffs in the main limited their interrogation to this type of question; and I cannot say that, after the lapse of the five to eight years involved, the witness was not answering with reasonable, although overly strict and formal, accuracy. Nor is there much in the grand jury testimony which would be helpful as to particular dates.

When the interrogator would extend or generalize his questions from the precise date or place, he had little difficulty in obtaining the disclosures which he sought. When he would ask what the facts were rather than whether a particular document refreshed the recollection of the witness as to what happened on a particular date or at a particular time, he usually obtained informative answers. But having received answers that a document did not refresh the witness' recollection as to whether there was a specific discussion on a specific date or at a specific time, the examiner rarely followed the matter up by asking whether there was such a discussion at some other time or during a period of time or without reference to a particular place. On such general questions the witness indicated no substantial inclination to withhold information.

The holes in the record occasioned by the type of examination utilized became so obvious to the court that it took occasion to suggest off the record that examining counsel ask not so much whether the witness' recollection was refreshed concerning a specific conversation at a specific time or place, but whether there were conversations on or about that time, someplace, and if so, what the substance was. And the court stated among other things: "To ask only whether a particular document refreshes the witness' recollection often is fruitless. Generally more productive is to ask the witness, after having refreshed his recollection by reference to a document, what the fact is".

I concluded that the object of this particular examination was not so much to ascertain the substance of agreements or discussions, without reference to particular times and places, but to supplement existing information concerning such substance by attempting to fix specific dates and specific places as the primary objective. In any event, as to specific dates and specific places, I have concluded that the grand jury testimony would not be of special assistance. This is by reason of a more limited time coverage with this witness before the grand jury and because of the different types of questions directed to the witness. Moreover, there is no reason to suppose that general discovery will be substantially advanced by release of the transcripts, since most of the information sought to be elicited was at length obtained from the witness in substance, or was rather clearly indicated in documentary evidence concerning which he was interrogated, or may be otherwise available generally.

Accordingly, it is my opinion that the motion for the release of Nolan's grand jury testimony should be denied.

RYAN, Chief Judge.

The foregoing decision is hereby approved and the motion for the release of the grand jury testimony mentioned is denied.