**UNITED STATES of America,
Plaintiff,**

v.

**AMERICAN OPTICAL COMPANY, an association, American Optical Company, a corporation, and Bausch & Lomb, Incorporated, Defendants.**

Civ. A. No. 62-C-206.

United States District Court
E. D. Wisconsin.
March 19, 1965.

Willis L. Hotchkiss, Antitrust Division, Chicago, Ill., for plaintiff.

John E. F. Wood, New York City, Steven E. Keane, Milwaukee, Wis., J. Belden Sly, Southbridge, Mass., Whitney North Seymour, New York City, Victor M. Harding, Milwaukee, Wis., Julian W. Atwater, Rochester, N. Y., for defendants.

[**] Indeed, defendants have indicated their intention to depose five of these eleven witnesses.

GIGNOUX, District Judge (serving by designation).

Defendants in this civil antitrust suit have moved under Fed.R.Civ.P. 34 for production of the grand jury transcripts of the testimony of all those persons who have been named by plaintiff as prospective witnesses, including those whose names have been since withdrawn. The grand jury in question returned an indictment against defendants and a corporate officer of each. Subsequent to the return of this indictment, the Government instituted the present civil action; and thereafter the Court, on defendants' motion, stayed the criminal proceeding pending the outcome of this action. Defendants' Rule 34 motion rests on the ground that the Government is using the grand jury transcripts to prepare this civil case for trial and that the availability of these transcripts to plaintiff, and not to defendants, gives plaintiff a "fundamentally unfair advantage". This, defendants assert, constitutes a sufficient showing of the "good cause" for production required by Rule 34.[1]

1. Rule 34 provides in part:
 "Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, * * * not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26 (b) and which are in his possession, custody, or control * * *."

2. The Supreme Court on at least two recent occasions has spoken of the "compelling" reasons for the "long-established policy" of secrecy of grand jury proceedings, especially in antitrust cases like the present one. It first declared,
 "One [reason for grand jury secrecy] is to encourage all witnesses to step forward and testify freely without fear of retaliation. The witnesses in antitrust suits may be employees or even

■■ There is no question that this Court has the power in its discretion to order the disclosure of grand jury minutes after the grand jury's functions have ended "where the ends of justice require it." United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234, 60 S.Ct. 811, 849, 84 L.Ed. 1129 (1940); United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399, 400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); Fed. R.Crim.P. 6(e). However, the Supreme Court has clearly stated that this discretion should be exercised to order the disclosure of grand jury minutes only when there is a showing of special and compelling circumstances sufficient to overcome the reasons behind the policy for maintaining the secrecy of grand jury proceedings.[2] In United States v. Procter & Gamble Co., supra, 356 U.S. at 682, 78 S.Ct. at 986, the Court prescribed the following standard for the exercise of this discretion:

"[The] 'indispensable secrecy of grand jury proceedings,' United

officers of potential defendants, or their customers, their competitors, their suppliers. The grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow." United States v. Procter & Gamble Co., supra, 356 U.S. at 681–682, 78 S.Ct. at 986.

It later reiterated,
 "To make public any part of its [the grand jury's] proceedings would inevitably detract from its efficacy. Grand jurors would not act with that independence required of an accusatory and inquisitorial body. Moreover, not only would the participation of the jurors be curtailed, but testimony would be parsimonious if each witness knew that his testimony would soon be in the hands of the accused. Especially is this true in antitrust proceedings where fear of business reprisal might haunt both the grand juror and the witness." Pittsburgh Plate Glass Co. v. United States, supra, 360 U.S. at 400, 78 S.Ct. at 1241.

States v. Johnson, supra, [319 U.S. 503] at 513, [63 S.Ct. 1233 at 1238, 87 L.Ed. 1546], must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity."

This position was reemphasized in Pittsburgh Plate Glass Co. v. United States, supra, 360 U.S. at 400, 79 S.Ct. at 1241, where the Court stated:

"The burden * * * is on the defense to show that 'a particularized need' exists for the minutes which outweighs the policy of secrecy."

 Defendants have made no showing of a "compelling necessity" or "particularized need" for the disclosure requested in this case. As they candidly admit, their sole purpose is discovery. They show only that they seek the transcripts to help prepare their case for trial. Yet in United States v. Procter & Gamble Co., supra, 356 U.S. at 682, 78 S.Ct. at 986, the Supreme Court expressly rejected this showing;[3] it held,

"No such showing [of need with particularity] was made here. The relevancy and usefulness of the testimony sought were, of course, sufficiently established. If the grand jury transcript were made available, discovery through depositions, which might involve delay and substantial costs, would be avoided. Yet these showings fall short of proof that without the transcript a defense

would be greatly prejudiced or that without reference to it an injustice would be done."

Defendants cite no authority for the discovery they seek in this case. In fact, in every other case disclosed by the research of counsel and the Court in which a court has been asked to disclose transcripts of grand jury testimony for the purpose of general discovery, the request has been denied. City of Philadelphia v. Westinghouse Electric Corp., 210 F.Supp. 486, 490 (E.D.Penn.1962); United States v. General Motors Corp., 15 F.R.D. 486 (D.C.Del.1954); cf. Allis-Chalmers Mfg. Co. v. City of Fort Pierce, Florida, 323 F.2d 233, 236 (5th Cir. 1963); In re Sellers, 32 F.R.D. 473 (N. D.Ill.1962); Application of State of California, 195 F.Supp. 37, 40–41 (E.D.Penn. 1961).

Defendants rely on the case of United States v. Ben Grunstein & Sons Co., 137 F.Supp. 197 (D.C.N.J.1956) as supporting their request. Even if the rationale of that case were reconcilable with the views expressed by the Supreme Court in Procter & Gamble, which was decided two years later, Grunstein is clearly distinguishable on its facts from the present case. The court there did not order disclosure for the purpose of general discovery; instead, it ordered disclosure for the purpose of use at the trial—it ordered disclosure of the testimony of those defendants who represented that they would testify in their own defense and the testimony of other witnesses "who will definitely take the stand at this trial, as soon

---

3. Defendants here seek to distinguish Procter & Gamble on the ground that the defendants in that case sought transcripts of the testimony of all the witnesses who had appeared before the grand jury, while in this case the defendants seek only the grand jury testimony of those persons whom the Government has named as its prospective trial witnesses. However, plaintiff here has stated, without challenge, that it has listed as prospective trial witnesses substantially all of the

 persons who testified before the grand jury. Thus, the need shown by the defendants in this case is hardly more particularized than it was in Procter & Gamble. Certainly, they have made no showing of a particularized need with respect to any one witness. See United States v. Procter & Gamble Co., supra, 356 U.S. at 683, 78 S.Ct. 983. Compare: United States v. Procter & Gamble Co., 180 F. Supp. 195, 200, 207–209 (D.C.N.J.1959, 1960).

as such fact definitely appears." Id. at 203. Furthermore, in Grunstein the related criminal proceedings had long since been terminated, and the court expressly noted that the situation before it differed substantially from a case such as the present one "where the indictment emanating from the Grand Jury in question is still alive." Ibid.

Defendants in this case do not seek disclosure of grand jury transcripts for any of the particularized needs which sometimes have been held to outweigh the policy for preserving grand jury secrecy, such as to prepare a defense to a charge of perjury before the grand jury,[4] or to attack an indictment,[5] or to cross-examine a witness either at trial[6] or on deposition.[7] Thus, as the Supreme Court stated in Procter & Gamble, supra, 356 U.S. at 683, 78 S.Ct. at 987:

> "We do not reach in this case problems concerning the use of the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like. Those are cases of particularized need where the secrecy of the proceedings is lifted discretely and limitedly. We only hold that no compelling necessity has been shown for the *wholesale* discovery and production of a grand jury transcript under Rule 34. We hold that a much more particularized, more discrete showing of need is necessary to establish 'good cause'."

For the reasons stated, defendants' Rule 34 motion for the production of grand jury transcripts is denied.

---

4. United States v. Rose, 215 F.2d 617, 628–630 (3d Cir. 1954); United States v. Remington, 191 F.2d 246, 250–251 (2d Cir. 1951), cert. denied, 343 U.S. 907, 72 S.Ct. 580, 96 L.Ed. 1325 (1952).

5. Fed.R.Crim.P. 6(e).

6. Pittsburgh Plate Glass Co. v. United States, supra, 360 U.S. at 399–400, 79 S.Ct. 1237; United States v. Procter & Gamble Co., supra, 356 U.S. at 683, 78 S.Ct. 983 (dictum); United States v. So-

cony-Vacuum Oil Co., supra, 310 U.S. at 231–234, 60 S.Ct. 811.

7. Allis-Chalmers Mfg. Co. v. City of Fort Pierce, Florida, supra; Atlantic City Electric Co. v. A. B. Chance Co., 313 F.2d 431 (2d Cir. 1963); Atlantic City Electric Co. v. General Electric Co., 1965 Trade Cas. para. 71,382 (S.D.N.Y.1965); In re Sellers, supra; City of Philadelphia v. Westinghouse Electric Corp., supra.