UNITED STATES of America, Plaintiff,

v.

MAX FACTOR & CO., Defendant.

No. 14757-1.

United States District Court
W. D. Missouri, W. D.

Jan. 21, 1966.

Robert L. Eisen, John M. Furlong, Attys., Dept. of Justice, Chicago, Ill., John E. Sarbaugh, Atty., Dept. of Justice, Washington, D. C., for plaintiff.

David R. Hardy, Kansas City, Mo., Frederick M. Rowe, Washington, D. C., Ralph E. Lazarus, Hollywood, Cal., for defendant.

JOHN W. OLIVER, District Judge.

The question for decision is defendant's motion filed pursuant to Rule 34 of the Federal Rules of Civil Procedure.

In its motion defendant prays for an order directing "plaintiff's attorneys to make available for inspection and copying by defendant. * * * the transcript of those portions of the testimony of the following persons who testified in 1961-63 * * * before a grand jury in United States District Court for the Western District of Missouri, which concerned the business of Max Factor and Company, or which related to the subject matter of Paragraph VI of plaintiff's complaint in this action."

The names of two prospective witnesses designated by the defendant to testify at the trial of the pending civil antitrust case are listed, together with the names of ten prospective witnesses who were designated by plaintiff to testify at such trial. Defendant also seeks to obtain the testimony of any other prospective witness designated by the plaintiff on August 4, 1965, who, although not known to defendant, testified in 1961-63 before [the] grand jury and any witnesses to be designated by either plaintiff or defendant in the future who similarly testified before [the] grand jury.

Defendant's motion raises the question of whether and to what extent the transcript of testimony taken before a grand jury should now be made available to a corporate defendant in order to aid it in the preparation of its defense to a civil antitrust case maintained by the United States as plaintiff. The defendant in the pending civil antitrust action

was among others subject to the grand jury investigation. Neither the defendant nor the others investigated were ever indicted. Specifically, defendant contends that it should be furnished the transcript of the grand jury testimony for study before the scheduled depositions of the designated witnesses are taken.

Both parties are agreed, indeed the Supreme Court cases (United States v. Procter & Gamble, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); Pittsburgh Plate Glass Company v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); and United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed 1129 (1940)) require such agreement, that we have power to compel the requested production. Both parties also agree that the showing of "good cause" required by Rule 34 of the Rules of Civil Procedure means, under the applicable cases, that defendant must show a "particular compelling need" for disclosure before the discretionary power to disclose matters occurring before a grand jury should be exercised. Rule 6(e) of the Rules of Criminal Procedure, providing that matters occurring before a grand jury may be disclosed only when "directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court," recognizes the existence of power to order disclosure. That rule does not, however, set forth the criteria for the exercise of that discretionary power.

Judge Robson in Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., N.D. Ill.1962, 211 F.Supp. 729, at 734, stated:

The legal principles pertaining to the disclosure of grand jury proceedings are fairly well established. Fundamentally, it is established that the secrecy of the proceedings must not be broken absent compelling necessity. The burden is on the movant to show particularized need or that the ends of justice require the disclosure of grand jury minutes which consideration outweighs the policy of secrecy. The revealing of the proceedings lies in the court's discretion.

Footnotes 4 through 7 on page 734 of 211 F.Supp. cite the applicable cases, most of which have been called to our attention in the excellent briefs submitted by the parties in this case.

Judge Robson's opinion was written in one of the electrical anti-trust treble damage cases. The distinguished judges who have been primarily responsible for handling those cases have given the problem of balancing the conflicting policy of grand jury secrecy and the policy favoring pretrial discovery under the Rules of Civil Procedure extensive and thoughtful consideration.

Chief Judge Clary's opinion in City of Philadelphia v. Westinghouse Electric Corp., E.D.Pa.1962, 210 F.Supp. 486, established the guidelines applicable to production of grand jury testimony in that multiple anti-trust litigation. Counsel for both parties cite and rely upon Chief Judge Clary's opinion in that case; hence, there is no need to discuss the rationale of the numerous other cases cited by the parties.

Chief Judge Clary stated:

The Court must consider two policies, one requiring secrecy and the other disclosure. And there can be no policy in favor of disclosure unless there is particular need. The lack or improbability of harm is but a factor in the evaluation of the need for secrecy. It is not a factor demonstrating a need for disclosure. While the need for secrecy may not be apparent in a particular case, it must be kept in mind that there is a general policy, fundamental and historically supported, which demands secrecy. Secrecy must still prevail in the absence of *particular compelling need*. [Emphasis Judge Clary's]. 210 F.Supp. at 489.

Efforts of various parties to obtain wholesale disclosure of the Philadelphia grand jury testimony and grand jury documentary evidence in the electrical anti-trust cases were spectacularly unsuccessful. The State of California sought only to obtain the names of witnesses and the copying of the various subpoenas for the production of documents before the grand jury. Chief Judge Ganey in Application of State of California, E.D.Pa.1961, 195 F.Supp. 37, denied such motion. In In re Grand Jury Proceedings, E.D.Pa.1961, 29 F.R.D. 151, Judge Wood denied disclosure requested by the Federal Trade Commission, in which the Department of Justice joined.

Neal and Goldberg's article "The Electrical Equipment Antitrust Cases: Novel Judicial Administration", 50 A.B.A.J. 621 (July, 1964) at page 628 authoritatively described the procedure followed during the taking of depositions in the electrical cases and outlined the factors that controlled the exercise of discretion by the judges presiding at the depositions in regard to disclosure of grand jury testimony. The authors there stated:

Chief Judge Thomas J. Clary of Philadelphia, acting as a judge of the district in which the grand juries had been impaneled, outlined and approved a procedure which permitted deposition judges to release the deponents' testimony without further formal order of that court [citing City of Philadelphia v. Westinghouse Electric Corporation, 210 F.Supp. 486 (E.D.Pa.1962), appeal dismissed (3d Cir., February 21, 1963)]. The procedure followed that suggested in Pittsburgh Plate Glass Company v. United States, 360 U.S. 395 [79 S.Ct. 1237, 3 L.Ed. 2d 1323] (1959), and called for *in camera* examination of the grand jury transcript by the deposition judge, with release allowed in his discretion when *"in the interest of justice there is a compelling need for*

*disclosure."* [Emphasis the authors].

That article noted that particular motions for release of grand jury testimony were ruled on a witness-by-witness basis, dependent upon the particular facts developed in regard to each particular witness. Motions to disclose were denied or granted, dependent upon the "particular compelling need" demonstrated in connection with the particular witness involved.

Judge Boldt's ruling on the motion for the production and release of Mr. Burke's grand jury testimony on page N 5161–N 5162 of the national deposition of Clarence E. Burke on November 28, 1962, for example, was stated as follows:

As a Judge of this District, sitting by assignment, I am, of course, completely free to use my own individual discretion and judgment as to the proper basis for this ruling or any other for that matter. However, I concur without reservation in Judge Clary's opinion and order of October 23, 1962, [referring, of course, to City of Philadelphia v. Westinghouse Electric Corp., E.D. Pa.1962, 210 F.Supp. 486] and it is on the basis of that ruling that I make this decision now.

In my opinion, there is nothing whatever in either the Grand Jury testimony of Mr. Burke standing alone or in relation to his deposition testimony showing any need, let alone a particular compelling need, for release of Grand Jury testimony. I find that the ends of justice in this litigation do not require it. I am authorized by Judge Kirkpatrick to state that he concurs in this view and ruling.

In similar fashion, Judge Boldt ruled a similar motion during the national deposition of LeRoy W. Long on September 20, 1963. On page N 20638 of that deposition Judge Boldt stated:

I have closely followed the testimony, as I have said. I made

copious notes with respect to it and I have examined closely the Grand Jury testimony with respect to all subject matter inquired here or reasonably incident to it, and in my judgment there is no showing of any conditions justifying or requiring the release of the Grand Jury transcript.

Mr. Long's testimony on the deposition has been every bit as full, if not more so, than his testimony before the Grand Jury, and I find no important area of interrogation or even any area of interrogation in the deposition in which he gave contrary or conflicting testimony. The request for the release of the transcript is denied.

For an example of Judge Boldt's sustaining a similar motion see In re Sellers, N.D.Ill.1962, 32 F.R.D. 473. In connection with the particular witness there involved, Judge Boldt ascertained as a matter of fact prior to sustaining of the motion to produce that the particular witness had either not recalled or had denied in his deposition testimony, testimony that he had theretofore given before the grand jury. In ordering production, Judge Boldt made careful regulation that "further interrogation of deponent Sellers would be authorized after the personal perusal of counsel who attended the taking of Mr. Seller's first deposition and expressly provided that "no part of the transcript shall be copied or reproduced in any form, and the whole thereof shall be returned to the undersigned Judge when its use for the purpose stated has been completed."

Judge Feinberg, for still further illustration, in Consolidated Edison Co. of N. Y. v. Allis-Chalmers Mfg. Co., S.D. N.Y.1963, 217 F.Supp. 36, at page 38, ordered the production of the grand jury testimony of three witnesses after having "carefully reviewed that testimony and * * * compared it with the testimony given by these witnesses in the depositions conducted here in New York."

Judge Feinberg "in accordance with Chief Judge Clary's opinion" [citing City of Philadelphia v. Westinghouse Electric Corp., E.D.Pa.1962, 210 F.Supp. 486] made the following factual findings in support of his order:

I find that in the case of each witness, there are either material discrepancies on important factual issues between his Grand Jury testimony and deposition testimony or significant facts that the witness failed to recall at the deposition. I find that in the interest of justice there is a compelling need for a limited disclosure of portions of the Grand Jury transcript of these witnesses and, accordingly, those portions will be released. I have also kept in mind—and so find—that some portions of the released testimony are so interwoven with other portions thereof that they should not be segregated from each other. Moreover, it does not appear that any portion of the released testimony should be withheld on the ground that such release would be for discovery purposes only or would be prejudicial to Grand Jury security.

For a more recent example, outside the electrical anti-trust cases, but applying the rationale of those cases and the applicable Supreme Court cases, see United States v. American Optical Co., E.D.Wis.1965, 37 F.R.D. 239. That case, we think, properly distinguished United States v. Ben Grunstein & Sons Co., D.N.J.1956, 137 F.Supp. 197, upon which defendant in this case relies.

Defendant recognizes the necessity for showing a particularized need before production may be ordered. Its motion, the affidavits filed in support thereof, and its supporting brief attempt to make such a demonstration. A fair summary of the defendant's chief trial counsel's affidavit, which reiterates the various grounds elsewhere presented, was made on page 9 of defendant's supporting

brief. It was there stated that defendant needed all the grand jury testimony of the various witnesses in order:

(1) to prepare for trial on an equal footing with plaintiff's attorneys who have presumably had this transcript in their possession since at least June, 1963; (2) to ensure that the information which defendant has obtained in 1965 interviews with its scheduled defense witnesses is accurate and complete; (3) to test the truth and accuracy of the summaries of expected testimony already filed by plaintiff on August 4, 1965; (4) to determine the necessity and scope of depositions of plaintiff's witnesses as part of defendant's own trial preparation; and (5) to prepare for contemplated depositions by both sides, without unfair advantage to plaintiff's counsel who otherwise could use the transcript for preparation and impeachment, while keeping defendant's counsel in the dark (Hardy Aff. pars. 7–12; Schnitz Aff. pars. 9–10).

 Neither those reasons nor any other reason stated in defendant's motion, affidavits or suggestions demonstrate the particular compelling need required by present Supreme Court cases to overcome the policy of secrecy accorded to grand jury proceedings.

Defendant concedes that *"wholesale* disclosure * * * for general discovery purposes"* has not been permitted (p. 7 of defendant's suggestions). On page 14 of its suggestions, defendant suggests that it only "seeks *limited* disclosure of pertinent portions of the grand jury's testimony of particular designated witnesses."

The parties have presented considerable argument about whether defendant's request is a "limited" or a "wholesale" request. The problems involved in this case cannot fairly be decided by the acceptance or rejection of a label. Defendant's request is "wholesale" in the sense that it seeks all the grand jury testimony of particular witnesses. Defendant's request can be considered "limited" only in the sense that the testimony of all witnesses who testified before the grand jury is not requested. The historic policy of secrecy of grand jury proceedings is not outweighed by the type of showing made by defendant in this case. To so hold would require us in later cases to grant similar Rule 34 motions based on the same grounds—grounds that can be said to exist in any case in which a defendant in a civil antitrust case would like to use prior grand jury testimony in preparation for trial. The establishment of such a rule would, in our judgment, fly in the face of the presently controlling Supreme Court cases. Obvious considerations forbid all district judges of the United States from knowingly taking such action.

We think it would be helpful to state what factual situation is not presented by defendant's motion. At the pretrial conference on November 23, 1965 we made particular inquiry as to whether defendant was either inclined or prepared "to make a charge of improper use of the grand jury" (p. 6 of Transcript of Pretrial Conference of November 23, 1965).

After full discussion, defendant indicated that such a contention was not and would not be made, thus obviating the necessity for any further factual exploration "as to a possible misuse of the grand jury" (p. 6 of Transcript of Pretrial Conference of November 23, 1965). Such a contention therefore does not complicate the decision of defendant's Rule 34 motion under the particular facts of this case.

No possible ground for disclosure other than defendant's desire to use the grand jury testimony to aid in preparation of its defense and for trial is therefore before the Court.

We are of the opinion that defendant has not demonstrated "good cause," within the meaning of Rule 34 of the Rules

of Civil Procedure and that its motion should be and is hereby denied.

We are of the further opinion, however, that some protective provision may be made consistent both with the policy of secrecy and the policy of disclosure that do not run counter to either policy. The Government, of course, under United States v. Procter & Gamble, 356 U.S. 677 at 678, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), has full right to use the grand jury transcript to prepare its civil case for trial. We believe, however, that our power to control the use of a grand jury transcript at the time of trial implies a like power to control its use during the taking of pretrial depositions.

After full consideration we therefore direct and order that, should the plaintiff elect to make use of any of the grand jury testimony during the taking of the scheduled pretrial depositions, it shall be done in accordance with the following conditions:

1. Should plaintiff elect to make use of the grand jury testimony of any particular witness in the course of taking the presently scheduled depositions of any of the witnesses designated pursuant to pretrial order, plaintiff shall so announce its intention for the record (a) at the commencement of direct examination of any witness called by the plaintiff; or (b) at the commencement of cross-examination, if the particular witness is called by the defendant.

2. Immediately upon the making of such an announcement in regard to any particular witness, plaintiff shall not proceed with either direct or cross-examination, as the case may be, unless and until a copy of the transcript of all the grand jury testimony given by that particular witness is handed such witness by plaintiff's counsel.

3. Such particular witness shall at that time be given an immediate opportunity to read the copy of the transcript of his or her grand jury testimony. He shall not be permitted to copy any portion of said transcript nor shall he be permitted to make any notes while reading said grand jury transcript. Nor shall the particular witness be permitted to confer with any other person, including, but not limited to counsel for either party, before his entire examination shall have been completed.

4. After the particular witness shall have read his grand jury testimony, he shall immediately return it to counsel for plaintiff and his direct or cross-examination shall then proceed.

Should, in the course of direct or cross-examination, as the case may be, counsel for the plaintiff shall make specific use of the transcript of the particular witness' grand jury testimony, the witness shall, at his or her request, be given a further opportunity to read the particular questions and answers to which his attention may be directed.

5. Because some of the witnesses designated by the parties are located in various cities distant from this judicial district and because multiple litigation is not involved, it is impractical for the judge of this or any other district court to preside at the depositions.

6. If plaintiff elects not to make use of the grand jury transcript during the taking of the depositions, it is obvious no questions concerning the grand jury transcript can arise during the taking of the depositions. In that event, procedures for the use of the grand jury transcript at the time of trial will be devised at that time.

We believe, however, that the essence of the procedures established and followed in the electrical anti-trust cases may be adopted to afford defendant an opportunity, after the completion of all depositions, to demonstrate a particular compelling need for the production of the transcript of a particular witness or witnesses grand jury testimony for ex-

amination and possible use by defendant's counsel.

Accordingly, after the completion of all depositions presently scheduled, defendant may, by appropriate motion and showing of particular compelling need, seek the production of a particular witness' grand jury testimony in accordance with the principles outlined in the cases above cited.

For the reasons stated, defendant's motion for disclosure of portions of grand jury testimony should be and is hereby denied, without prejudice, however, to the filing of further motions after the completion of the presently scheduled depositions.

Any such motion that may be filed at such time by defendant may include a request for the taking of a supplemental deposition of a particular witness or witnesses.

It is so ordered.